BOARDMAN ET AL. *v.* GRIFFIN.

VARIANCE.—*Material Variance.*—Parties to an action must recover, if at all, upon the allegations of the pleadings therein; and when the trial is by the court, it cannot, any more than a jury, go outside of the case made by the pleadings and find for a party upon facts different in their general scope and meaning from the facts pleaded.

From the Marion Circuit Court.

*D. V. Burns,* for appellants.

*H. W. Harrington* and *H. Francisco,* for appellee.

DOWNEY, J.—The appellee as assignee of George Borsdorfer, an insolvent debtor, sued Omer B. Boardman, a constable, and Andrew Wallace, the execution plaintiff, to enjoin the collection of an execution in the hands of the constable, on a judgment in favor of Wallace against Borsdorfer before a justice of the peace. It is alleged, in substance, in the complaint, that the assignment to the appellee was made by the insolvent, and took effect by being recorded on the 15th day of October, 1874, and that the execution bore date on the 14th day of the same month. It is charged that, in fact, the execution issued on the 15th day of the month, and after the assignment was perfected; that Wallace's judgment was for about twenty dollars more than was legally due; that there was in the judgment twenty-five dollars for interest on an account and an addition of eight dollars in excess of said interest on said account. It is alleged that Borsdorfer was not a resident of the township in which Wallace sued him, and was about to plead that fact, and that Wallace agreed that if he would not, but would let judgment be rendered against him, no execution should issue thereon for six months, and that said Borsdorfer did allow judgment to be rendered against him accordingly, on the 24th day of September, 1874. A temporary restraining order was granted.

Wallace answered that on the 14th day of October, 1874, he caused the execution to issue on his judgment, denied that he made the agreement to abstain from issuing execution on the judgment for six months, or for any other time, but did agree, after the rendition of the judgment, that in case he was satisfied that no such disposition of Borsdorfer's property would be made as would endanger the collection of his judgment, he would not cause a levy of his execution to be made for six months; but he alleges that this agreement was wholly voluntary and without consideration. He also denies all the allegations of the complaint not expressly

admitted, and specially denies that he ever made any agreement not to have an execution issued on his judgment. He alleges that by the wrongful issuing of the restraining order herein he has suffered great loss and has been compelled to employ counsel at an expense of fifty dollars, which he prays may be allowed him as damages, etc.

There was a trial by the court, and, by request, a special finding of facts and conclusions of law, as follows:

"The court, upon request of the parties, plaintiff and defendant, finds specially upon the facts as follows: That on the 24th day of September, 1874, defendant Andrew Wallace recovered a judgment against George Borsdorfer before Esquire William H. Schmidts, a justice of the peace of Center township, Marion county, Indiana, for one hundred and ten dollars; that at the time of the rendition of said judgment Borsdorfer was not a resident of said township, but was a resident of another township of said county; that he, however, appeared before said justice at the time the judgment was rendered, and consented to judgment being entered against him for the amount for which it was entered; also, that he had appeared before said justice at previous sittings of the case, without raising the question of jurisdiction; that at the time said parties met at said justice's office, on the day judgment was rendered, and after the defendant, Borsdorfer, had agreed to let judgment go, he asked plaintiff, Wallace, if he would require him to stay execution on the judgment, and stated that he expected to continue business as he had heretofore been conducting it; that Wallace thereupon replied that judgment might stand six months without bail, if everything went on as before with Borsdorfer, and so informed the justice, who entered in pencil on the entry of the judgment on his docket that no execution was to issue for six months; that there was no agreement between Wallace and Borsdorfer that in consideration of Borsdorfer waiving the question of jurisdiction and consenting that judgment should go, Wallace would not cause execution to issue on the judgment for six months; nor was

the judgment allowed to go upon such condition, or in con-sideration of such agreement; that on the 14th day of Octo-ber, upon the order of Wallace, the justice aforesaid issued an execution upon said judgment and placed it in the hands of Bennett, deputy of defendant Boardman, constable of said township, on the same day, telling the constable that plain-tiff, Wallace, desired to see him about the execution; that, upon the constable calling upon Wallace, he was directed by Wallace to hold the execution without levy until further orders; that said constable endorsed the time of the execu-tion coming to his hands on the day he received it, October 14th, 1874; that the constable, pursuant to the orders of Wallace, held the execution till the 20th day of October, 1874, when he was directed by the plaintiff, Wallace, to pro-ceed with its enforcement against Borsdorfer's property, and, pursuant to said order, he levied it upon said property of Bors-dorfer, described in the complaint, about half past four o'clock P. M., of said 20th day of October, 1874; that on the 5th day of October, 1874, said Borsdorfer made a general assign-ment under the statute of all his effects to plaintiff, Griffin, for the benefit of all his creditors, which deed of assignment was duly recorded in the recorder's office of Marion county, Indiana, on the 15th day of October, 1874, at $2\frac{1}{2}$ o'clock of said day. A copy of the assignment and the bond required by law was filed in the clerk's office of said county, on the 20th of October, 1874, at 4 o'clock P. M.

"And upon the facts as found by the court in the special findings above, the court finds the following conclusions of law: That as against the assignee of Borsdorfer respecting [representing?] the creditors generally, the execution on the judgment of Wallace, in contemplation of law, was not issued to the constable for the purpose of execution, and, as against said assignee, did not constitute a lien on said prop-erty until the 20th day of October, 1874, when he was directed by Wallace to proceed under it; and that the title to said property vested in said assignee from the date of the recording of the deed of assignment in the recorder's office,

to wit, on the 15th day of October, and before the lien of said execution attached; that said assignee is entitled to the possession of said property free from the lien of said execution; and that further proceedings under said execution ought to be enjoined."

The defendants excepted to the conclusions of law. They also moved to strike from the special findings the following words: "That, upon the constable calling upon Wallace, he was directed by Wallace to hold the execution without levying till further orders. * * * That the constable, pursuant to the orders of Wallace, held the execution without action until the 20th day of October, 1874, when he was directed by the plaintiff, Wallace, to proceed with its enforcement against Borsdorfer's property, and, pursuant to said order, he levied it upon the property of Borsdorfer, described in the complaint, about half past four o'clock P. M. of said 20th day of October, 1874;" for the reason that so much of said finding is not embraced in the issues of the cause. They also moved the court for a judgment on the special findings of the court dissolving the restraining order theretofore granted in the cause, and for costs. This motion was overruled, and final judgment was rendered for the plaintiff.

Errors were assigned as follows:

1. In overruling the motion to strike out part of the special findings and for judgment thereon.

2. Rendering judgment restraining the sale of the goods, etc., mentioned in the complaint.

3. The court erred in its conclusions of law upon the special finding of facts.

4. In rendering judgment for the appellee, for the reason that the complaint does not state facts sufficient to constitute a cause of action.

The court rendered its judgment against the defendants on a matter wholly outside of the pleadings. The grounds of action relied upon in the complaint are the alleged agreement on the part of Wallace to stay execution on his judgment for six months, in consideration that Borsdorfer would

allow the judgment to be rendered against him in the township in which he did not reside. It was also stated that the judgment was for too large an amount. In the special finding, the court finds nothing as to the excessive amount of the judgment, and expressly finds "that there was no agreement between Wallace and Borsdorfer, that, in consideration of Borsdorfer waiving the question of jurisdiction and consenting that judgment should go, Wallace would not cause execution to issue on the judgment for six months, nor was the judgment allowed to go upon such condition, or in consideration of such agrcement."

When the trial of a cause is by the court, instead of a jury, whether the court is required to find the facts specially or not, it cannot, any more than a jury can, go outside of the case made by the pleadings. In such cases, as well as in others, the parties must recover upon the allegations of the pleadings. They must recover *secundum allegata et probata,* or not at all. It must be so in the nature of things, so long as our mode of administering justice prevails. It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his grounds of defence, if, on the trial, either or both might abandon such grounds and recover upon others which are substantially different from those alleged.

The statements in the complaint as to the excessive amount of the judgment, concerning which there appears to be no finding, do not affect the merits of the case. The judgment could not, in this way, be successfully attacked. It was a judgment duly rendered against Borsdorfer, and, unless on appeal or in some other direct mode, could not be successfully attacked by Borsdorfer or by his assignee. The court and the parties seem, very properly, to have treated these allegations as of no moment.

The court has very clearly, in the special findings, found against the plaintiff as to the case made by his complaint, and we do not see why judgment should not have been rendered against him. We do not regard the question as one

of variance merely, which might be obviated by an amendment under sections 94 and 95 of the civil code; but we think the case is one where the allegations of the complaint, to which the proof was directed, are unproved, not in some particulars only, but in their general scope and meaning, according to section 96.

In our judgment, the court should have rendered judgment on the finding for the defendants. In this view of the case, we do not deem it necessary or proper to express any opinion upon the question as to the effect of the delay in making the levy of the execution after it was issued.

The judgment is reversed, with costs, and the cause remanded, with instructions to render judgment for the defendants on the special findings.

Petition for a rehearing overruled.