## THE TOWN OF CICERO *v.* CLIFFORD ET AL.

BONDS.—*Coupons.*—*Municipal Corporation.*—Where a municipal corporation has power to issue and negotiate bonds for a certain purpose, with interest payable at stated intervals, the payment of the interest may be provided for by coupons attached to the bonds, executed at the same time, referred to in the bonds, and themselves referring to the bonds to which they are attached, of which they, in substance, constitute parts.

SAME.—*Suit on Coupon.*—Such a coupon, detached from its bond, is negotiable, and, when matured, forms, by itself, a cause of action against such corporation.

PLEADING.—*Payment.*—*Special Finding.*—Where, in an action upon a money demand on contract, there has been no answer of payment, the court, in its conclusions of law upon a special finding of the facts showing partial payment, cannot allow such payment.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellant.

*D. Moss,* for appellees.

DOWNEY, C. J.—The town of Cicero, for the purpose of erecting a public school building, issued and sold its bonds, with coupons attached for the interest as it should fall due. This was an action by the appellees, owners and holders, against the town, upon several of such coupons. The coupons are in the following form:

" The town of Cicero, Indiana, will pay the bearer twenty-five dollars, at the New York National Exchange Bank, in the city of New York, on the 1st day of March, 1873, being six months interest on bond number three.

"S. D. SHANNON, Prest.

"H. A. CUMMINGS, Clerk."

The first question made is as to the authority of the town to issue and negotiate bonds with coupons. It is conceded that the town had power to issue and negotiate bonds for such purpose, but it is contended that it could not issue bonds with coupons.

The bonds were issued under the act of March 11th, 1867, Acts 1867, 24, in 3 Ind. Stat. 116; and the act of May 15th,

1869, Acts 1869, Special Sess. 31. We find nothing in these acts sanctioning the views of the appellant. The last named act authorizes the bonds to be made payable "in not less than one year nor more than twenty years after the date of such bonds, and the interest annually or semi-annually, as may be therein provided." In substance, the coupons are parts of the bonds. They are executed at the same time and are attached to and referred to in the bonds, and they, in turn, refer to the bonds of which they are parts. Such is the usual form of municipal bonds, and its convenience commends it to general use. We think there is nothing in the objection.

It is further insisted by counsel for the appellant, that an action cannot be predicated and sustained upon detached coupons. This cannot be the law. The coupons in question are negotiable paper, and may circulate as such when detached from the bonds. They are complete in themselves, and form a valid and sufficient cause of action. *National Exchange Bank* v. *Hartford, etc., R. R. Co.*, 8 R. I. 375.

On the trial, the court, at the request of the defendant, made a special finding of the facts, with conclusions of law, to which there was an exception by the defendant, and this is assigned as error. It is claimed by appellant that the special finding of facts shows that the coupons in question had been paid, except as to a small amount. To this it is answered, that there was no answer of payment, and therefore the court was right in holding that the payment could not be allowed. To this it is replied, in effect, that when there is a special finding, the court is not confined to the issues in making its finding. We think this last position cannot be sustained. It has been decided otherwise by this court. *Boardman* v. *Griffin*, 52 Ind. 101; *Casad* v. *Holdridge*, 50 Ind. 529. For these reasons, there was no error in the conclusions of law.

The judgment is affirmed, with costs.