Thomas *et al. v.* Dale *et al.*

No. 9891.

THOMAS ET AL. *v.* DALE ET AL.

SPECIAL FINDING.—*Outside of Complaint.* – *Conclusion of Law.*—*Secundum Allegata et Probata.*—When the facts specially found by the court are outside of the complaint, and make a case entirely different from the case stated in the complaint, the court's conclusion of law thereon must be a finding for the defendant. The plaintiff must recover upon and according to the allegations of his complaint, or not at all.

From the Fayette Circuit Court.

*B. F. Claypool, J. H. Claypool* and *C. Roehl,* for appellants.

*W. C. Forrey* and *R. Conner,* for appellees.

HOWK, J.—In this case the appellees, the plaintiffs below, alleged in substance in their complaint, that, on the 5th day of March, 1868, they and the appellants were partners, doing business under the firm name and style of "The Cabinet Makers' Union," of Connersville, Indiana; that at said time the appellants, then partners under the firm name of Lewis R. and Oliver I. Thomas, were doing a separate and independent business in their said firm name; that the appellants, as such partners, became and still were indebted to the appellees for goods, wares and merchandise sold and delivered to appellants by said Cabinet Makers' Union, and for money paid and money had and received by the appellants, for the use and benefit of the Cabinet Makers' Union, in the sum of $2,319.28, a bill of particulars of which was therewith filed and made part thereof; that the affairs of the Cabinet Makers' Union had all been paid, except those due to and among the individual members thereof, as stated; that, as members of the

firm of the Cabinet Makers' Union, the appellants were the owners of one-sixth of said amount, and the appellees were the owners of five-sixths of said sum of $2,319.28, which, with the interest thereon, was then due and unpaid. Wherefore the appellees prayed judgment for said sum of $2,319.28 and interest, and an accounting of the affairs of the Cabinet Makers' Union, and that said debt be paid in proportion to the several interests or liabilities of the members of the Cabinet Makers' Union, and for other proper relief.

The bill of particulars filed with the complaint stated an itemized indebtedness of " L. R. & O. I. Thomas," for articles of furniture, etc., to " The Cabinet Makers' Union."

The cause was put at issue and tried by the court, and, at the appellants' request, the court made a special finding of facts and stated its conclusions of law thereon in writing, to all of which the appellants excepted. Over the appellants' motion for a new trial, the court rendered judgment against them, in accordance with its conclusions of law.

The first error complained of in argument, by the appellants' counsel, is this: " The court erred in its conclusions of law and judgment, upon the special finding of facts." We are of the opinion that this error is well assigned. It may be premised that the fundamental fact, alleged by appellees in their complaint, is the fact that, on the 5th day of March, 1868, the appellees and the appellants were partners in business, under the firm name and style of " The Cabinet Makers' Union." The complaint then proceeds upon the theory, although the fact is not alleged, that this partnership had been dissolved, or had, at least, ceased from active business. It is averred, substantially, that all the indebtedness of the firm had been paid, and that the affairs of the partnership had all been settled, except the dealings of the firm with the individual members thereof. The appellees also alleged that the appellants, as individual members of the firm, were indebted to the firm itself in a large sum of money, for goods sold and delivered, etc. The complaint prayed judgment, *inter alia*, for an ac-

counting of the firm's affairs; and if it stated a cause of action at all, it was for such an accounting between the members of the firm and with the firm. Upon the issues joined on this complaint, by general denial and by special answers and replies, the court made its special finding of facts, in substance as follows:

" 1st. That, in the spring of 1868, a partnership was formed in Connersville, Ind., under the firm name of 'The Cabinet Makers' Union of Connersville,' for the manufacture and sale of cabinet furniture.

" 2d. That said firm was composed of the following members, to wit: Wilson T. Dale and James K. Rhodes, partners under the firm name of Dale, Rhodes & Co., as one member, and Wm. G. Plummer, George Garum, Andrew Mackridge and Thomas J. McMahon, as the other members.

" 3d. That the defendants Lewis R. Thomas and Oliver I. Thomas were partners at the same time and afterwards, in the purchase and sale of furniture, under the name of L. R. & O. I. Thomas.

" 4th. That said Lewis R. Thomas was not a member of the firm known as The Cabinet Makers' Union, neither was Oliver I. Thomas a member of said firm, nor was the firm of L. R. & O. I. Thomas a member of said firm.

" 5th. That said firm, The Cabinet Makers' Union, ceased to manufacture furniture about the 1st day of July, 1868.

" 6th. That on and prior to the 27th day of October, 1868, said firm of The Cabinet Makers' Union sold and delivered to said firm of L. R. & O. I. Thomas furniture, etc., of the value of $2,319.28.

" 7th. That said firm of L. R. & O. I. Thomas has paid said firm of The Cabinet Makers' Union on said amount in finding 6 above, the sum of $2,068.60, leaving a balance unpaid, of principal, of $250.68.

" 8th. That all the debts of The Cabinet Makers' Union have been paid, except such as may be due from it to its own members; and,

"9th. That there are debts due from The Cabinet Makers' Union to individual members of the firm."

Upon the foregoing facts the court stated as its conclusion of law, that the appellees were entitled to recover of the appellants the sum of $250.68 of principal, with interest at the rate of six per cent. per annum, for twelve years, amounting to the sum of $180, making of principal and interest the aggregate sum of $430.68; for which sum, as we have seen, the court rendered judgment.

It will be observed that all the facts in issue in this case were found by the court in favor of the appellants. Outside of the matters in issue, the court made certain findings of facts and thereon based its conclusion of law, and rendered judgment accordingly. This can not be done. In *Boardman* v. *Griffin*, 52 Ind. 101, the court said: "When the trial of a cause is by the court, instead of a jury, whether the court is required to find the facts specially or not, it can not, any more than a jury, go outside of the case made by the pleadings. In such cases, as well as in others, the parties must recover upon the allegations of the pleadings. They must recover *secundum allegata et probata,* or not at all. It must be so, in the nature of things, so long as our mode of administering justice prevails. It would be folly to require the plaintiff to state his cause of action and the defendant to disclose his grounds of defence, if, on the trial, either or both might abandon such grounds and recover upon others, which are substantially different from those alleged." To the same effect, substantially, are the following cases: *Town of Cicero* v. *Clifford,* 53 Ind. 191; *Denbo* v. *Wright,* 53 Ind. 226; *Terry* v. *Shively,* 64 Ind. 106; *Phœnix Mut. Life Ins. Co.* v. *Hinesley,* 75 Ind. 1. See, also, the case of *Arnold* v. *Angell,* 62 N. Y. 508, where the facts and proceedings below had been very similar to those in the case we are now considering, and where the Court of Appeals of New York reversed the judgment below upon the ground that it was for an entirely different cause of action

from that stated in the complaint, and was not justified by the issues in the cause.

It follows from what we have said, that, in our opinion, the court clearly erred in its conclusion of law upon the facts specially found.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court to set aside its conclusion of law, and, in lieu thereof, to state as a conclusion of law, upon its special finding of facts, a finding for the appellants, and to render judgment accordingly.