Hasselman *et al. v.* Carroll *et al.*

Filed May 26, 1885.

| 102 | 153 |
| 124 | 279 |
| 102 | 153 |
| 131 | 299 |
| 102 | 153 |
| 139 | 414 |
| 102 | 153 |
| 146 | 173 |

No. 12,081.

## HASSELMAN ET AL. *v.* CARROLL ET AL.

SPECIAL VERDICT.—*Pleading.*—A party can not recover on a cause of action in his favor shown by a special verdict, under an issue involving only a different cause of action.

From the Hamilton Circuit Court.

*G. Shirts* and *W. R. Fertig,* for appellants.
*J. A. Roberts* and *T. E. Boyd,* for appellees.

MITCHELL, J.—On the 17th day of April, 1883, L. W. Hasselman & Co., of Indianapolis, appointed the appellees agents in the town of Arcadia and vicinity, to sell the Eagle Straw Stacker, of which they were the manufacturers. The appointment was by an instrument in writing, which, besides a great many other stipulations, contained the following:

"*Fifth.* To deliver no stackers to any party until settled for as herein provided, agreeing, as a penalty for any violation of this article, to become personally responsible for the same, waiving all claim under warranty on said machinery and insuring settlement for same under terms of contract."

It was also stipulated in the contract that no machines should be sold by the agents, except upon a written order which the purchaser should be required to sign, in which were to be stated the terms of sale and manner of settlement, and a stipulation that the title to the property sold should remain in the seller until paid for.

This suit was brought by the principals against the agents, alleging in the first paragraph of the complaint that they had sold and delivered a stacker to one Hankley without taking from him an order as provided in their contract, and without requiring him to settle as their agreement required. It was further alleged that Hankley had wholly failed to pay for the stacker, whereby it was claimed that appellees had become liable for the price of the stacker.

There was a second paragraph of complaint, a common count, for the price of a stacker sold and delivered by plaintiffs to defendants at their request.

Issues were made and a trial had by a jury; the jury returned a special verdict, in substance, that the plaintiffs delivered the stacker to the defendants to be sold under their contract of agency, as set out in the complaint; that the defendants had not sold it to any one, but that they had permitted one Hankley to take it on trial, under an agreement that if it worked satisfactorily he was to purchase it on the terms prescribed in the written orders, at the price of $215; that Hankley returned the stacker, claiming that it failed to work properly, and refused to purchase; that another agent of plaintiffs then took charge of and stored it in the town of Arcadia. The plaintiffs moved for judgment on the special verdict, which was overruled, and judgment was rendered for the defendants.

It will be observed that the gravamen of the first paragraph of the complaint is, that the appellees sold and delivered the stacker to Hankley in violation of their agreement, without requiring him to sign the order prescribed, and without requiring him to settle for it before it was delivered. There was no evidence tending to support the second paragraph of complaint, and the special finding does not support either.

The plaintiffs must recover, if at all, upon the case as made in their complaint, and not on some other which they might have made. *Thomas* v. *Dale,* 86 Ind. 435.

The special finding, which is sustained by the evidence, shows that there was no sale of the stacker, and that the delivery to Hankley was not in pursuance of such a contract of sale as, within the stipulation above set out, was to result in making the agents liable for the price if the article was delivered without first requiring settlement. It was delivered to him on trial with a view to a future sale, provided it worked satisfactorily. This may have been, as the appellants claim, a conditional sale and a violation of the agents' contract, but if it was, it was not the violation complained of and for which the suit was brought, and unless it can be held that a suit may be brought for one breach of a contract, and the recovery had for an entirely different one, no recovery can be had in this case. That this can not be done is not an open question. *Boardman* v. *Griffin,* 52 Ind. 101. Under the stipulation referred to, the agents became responsible for the contract price of every stacker which they might sell and deliver without first requiring settlement therefor.

The delivery which is provided against is a delivery without first requiring settlement for the price agreed upon in pursuance of a contract of sale, and it was for a delivery in violation of this provision that the complaint counted on.

If the agents, without authority, made an arrangement looking to a future sale, and thereunder permitted the stacker to be used by another, who refused to complete the contract, and injury resulted to the principal from such unauthorized

conduct, the actual damage sustained might doubtless be recovered in a proper action for that purpose, but that is not this case. The complaint counted upon a cause of action which was argumentatively denied in the defendants' answer. The special verdict finds the defendants' theory substantially and is silent as to the issues tendered by plaintiffs. There was no ground for a *venire de novo.*

Filed May 13, 1885; petition for a rehearing overruled June 18, 1885.