Filed Jan. 14, 1887.

No. 12,666.

## WYNN v. TROY ET AL.

SPECIAL FINDING.—*Exception to Conclusion of Law.—Admission as to Facts.*—Where the exception is only to the conclusion of law stated upon a special finding of facts, the facts are admitted to have been fully and correctly found.

SAME.—*Failure to Find Essential Fact.*—If a fact upon which the liability of the defendant depends is not found, an exception to a conclusion of law that the plaintiff is not entitled to a lien upon the defendant's property, presents no question.

From the Hancock Circuit Court.

*J. W. Hardman, E. Marsh* and *W. W. Cook*, for appellant. *C. G. Offutt* and *R. A. Black*, for appellees.

HOWK, C. J.—After this cause was put at issue, it was tried by the court; and at the request of appellant, the plaintiff below, the court made a special finding of the facts, and thereon stated its conclusions of law. Over appellant's ex-

ceptions to the court's conclusions of law, judgment was rendered thereon and in accordance therewith. From this judgment, appellant prosecutes this appeal; and the only error of which she here complains, is the alleged error of the trial court in its conclusions of law.

The facts found by the court were substantially as follows: On the 4th day of January, 1883, Harriet Piper purchased of the defendant, Christopher C. Troy, lots numbered 2 and 3, in block "I," in Records and Vorhes' addition to the town of Fortville, in Hancock county, and she sold, assigned and transferred to said Troy a note, calling for the sum of — dollars, purporting to have been executed to her by Gray & Walker. Afterwards, defendant Troy represented to the defendant Harriet Piper, that there was a mistake in said note in the interest clause thereof, and that it did not draw interest as was intended by the parties; and thereupon the said Troy caused to be drawn up a note, of which the following is a copy:

"$483.33. March 31st, 1883.

" One hundred and fifty days after date, we promise to pay to the order of Harriet Piper, at Fortville, four hundred and eighty-three $\frac{33}{100}$ dollars, value received, without any relief from valuation or appraisement laws, with eight per cent. per annum from date until paid and attorneys' fees. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note. (Signed) GRAY & WALKER."

And the same was thereupon executed by Joseph B. Gray in the name of Gray & Walker, and was by said Troy presented to the defendant, Harriet Piper, for her endorsement, in lieu of the original note. Said note was made by the parties for the purpose of correcting a mistake which was made in the original note, as to the interest that the note should draw, and was accepted by said Troy in payment for the real estate above described. Afterwards, said Troy purchased of the plaintiff, Wynn, certain real estate in Hancock

county, and, in payment therefor, transferred and endorsed said note to her. All the parties up to that time believed the note to be a valid and binding promissory note of the firm of Gray & Walker. Prior to the giving of the note first above mentioned, and at the time of its execution, Gray & Walker were partners in a firm composed of Joseph B. Gray and Marcellus B. Walker, who were engaged in the mercantile business in said town of Fortville. Prior to the execution of said first note, Gray had borrowed of the defendant Harriet Piper, the sum of $300 upon his own credit and for his own purposes, and had executed to her his note therefor. During the existence of such firm, Gray also borrowed of the defendant Piper, an amount equal to the residue of such note, upon the credit and, ostensibly, for the purposes of said firm in its business, and thereupon executed to her a note in said firm name for his individual debt aforesaid and said partnership debt. Said note was so executed without the knowledge or consent of Marcellus B. Walker. Prior to.the time of the execution of the note in suit in this action, the firm of Gray & Walker was dissolved, and the note in suit was executed by Joseph B. Gray, in the name of Gray & Walker, without the knowledge or consent of said Walker. After the maturity of said note, on the 18th day of December, 1882, plaintiff Wynn brought suit against said Gray & Walker as defendants, in the Hancock Circuit Court, to recover upon such note. Gray made default, and judgment was rendered against him for the amount due on the note. Walker appeared and answered by a denial under oath of his execution of the note; and upon the trial of this issue, a verdict was rendered and judgment was returned, in favor of said Walker, for his costs taxed at $44.05.

Prior to the trial of said cause, the defendant in this suit, Harriet Piper, knew of Walker's defence to the note, but she did not employ counsel nor take any part in the prosecution of such cause, and only appeared at the trial thereof as a witness for the plaintiff. Troy knew of the pendency

of such cause, and employed counsel therein, who appeared for him and assisted in the prosecution thereof. At the maturity of the note in suit, Joseph B. Gray was insolvent, and had no property out of which the debt, or any part thereof, could have been made by execution.

Upon the foregoing facts, the court stated the following conclusions of law :

1. " The plaintiff is entitled to recover of the defendants, Harriet Piper and Christopher C. Troy, severally, the amount of the note sued on, with the interest thereon, and the costs of the trial of the issue joined between plaintiff and Marcellus B. Walker, in the action brought thereon against him and Gray, to wit, the sum of $586.

2. " The plaintiff is not entitled to have such sum declared to be a lien upon the real estate conveyed by Christopher C. Troy to the defendant Harriet Piper, as a vendor's lien or otherwise."

Did the trial court err in its conclusion of law (which we have numbered 2), upon the facts specially found ? In other words, did the court err in holding, upon the facts found, that appellant had no lien, either as vendor or otherwise, upon the lots of Harriet Piper? This is the only question we are required to consider and decide ; for, we do not understand that appellant complains here of the first conclusion of law, or of the personal judgment rendered thereon, in her favor, against each of the appellees for the full amount due on the note in suit. As the appellant has presented her case here, solely upon her exceptions to the court's conclusions of law, it is settled by our decisions that she thereby admits that the facts of the case have been fully and correctly found, and can only claim that the trial court has erred in applying the law to the facts so found. *Cruzan* v. *Smith*, 41 Ind. 288 ; *Robinson* v. *Snyder*, 74 Ind. 110 ; *Bass* v. *Elliott*, 105 Ind. 517.

Upon the facts found by the court, we are of opinion that the appellant has no possible ground or reason for complain-

ing of either of the conclusions of law. The fundamental fact alleged by appellant, in stating her supposed cause of action against the appellee Harriet Piper, was that the latter had assigned the note in suit, by endorsement, to her co-appellee Troy. In the absence of an averment of this fundamental fact, it is certain, we think, that appellant's complaint would not have stated any cause of action against the appellee Harriet Piper. Yet, in its special finding of facts, the court wholly failed to find as a fact, perhaps through an oversight, and perhaps for the want of any evidence, that appellee Harriet Piper had ever assigned, by endorsement, the note in suit to her co-appellee, Christopher C. Troy. The evidence is not in the record, and we do not know why the court failed to find this fundamental fact, if it were the fact.

In this state of the record, it seems to us that Harriet Piper alone has cause to complain of the court's conclusions of law, and, surely, appellant ought not to complain, for, upon the facts found by the court, the conclusions of law were more favorable to her than she was authorized to ask or expect.

The judgment is affirmed, with costs.

Filed Oct. 29, 1886; petition for a rehearing overruled Jan. 14, 1887.