No. 12,980.

## GARDNER v. CASE ET AL.

MARRIED WOMAN.—*Mortgage.*—*Surety.*—*Statute of 1879.*—Under the statute of 1879 (Acts of 1879, p. 160), a married woman might mortgage her separate property, acquired by purchase, to secure her husband's debt.

SAME. -*Duress by Husband.*—*Knowledge of Mortgagee.*—It is no defence to a suit to foreclose a mortgage against a married woman that the latter

executed the mortgage under duress by her husband, unless the mortgagee participated in or had knowledge of the duress.

PLEADING.—*Additional Answers.*—*Refusal to Allow Filing of.*—*Discretion of Trial Court.*—For facts held not sufficient to show an abuse of discretion by the trial court in refusing to allow an additional paragraph of answer to be filed, see opinion.

SPECIAL FINDING.—*Exception to.*—*Practice.*—*Motion for New Trial.*—A simple exception to a finding of facts does not raise a question as to whether the finding is in accordance with or contrary to the evidence, but a motion for a new trial is necessary.

SAME.—*Exception to Conclusions of Law.*—*Admission.*—An exception to conclusions of law admits, for the purposes of the exception, that the facts have been fully and correctly found.

From the Huntington Circuit Court.

*J. M. Hildebrand, J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellant.

*W. H. Trammel,* for appellees.

ZOLLARS, C. J.—Appellees brought this suit against appellant and her husband to foreclose a mortgage executed by them in July, 1880.

It is insisted here that the court below erred in refusing leave to appellant to file amended and additional answers.

As to the first and second answers tendered, it will not be necessary for us to decide whether or not appellant was chargeable with such laches as justified the court in refusing leave to file them. There was no available error in the refusal, for the sufficient reason that the facts set up in those answers were insufficient as defences to the action, and hence the answers could have been of no avail to appellant had they been filed.

It is apparent that the purpose of the pleader in drafting the first answer so tendered, was to bring the case within the statute of 1879, which was in force at the time the mortgage was executed, and which provided that a married woman should not mortgage her separate property, acquired by descent, devise or gift, as a security for the debt or liability of her husband, or any other person. Acts 1879, p. 160.

It was alleged ·in· the first answer so tendered, that the mortgage in suit was given to secure a debt of appellant's husband and co-defendant; that she was his wife at the time the mortgage was executed, and continued to be at the time the answer was tendered; that the real estate mortgaged was her separate property, purchased by her with money which came to her from her father's estate, and with money given to her by her husband.

The answer thus shows that the land mortgaged was acquired by purchase, and not by descent, devise or gift. The land having been thus acquired, the mortgage was neither void nor voidable under the statute of 1879. In support of these conclusions it is not necessary to do more than cite our cases. *Orr* v. *White*, 106 Ind. 341; *Frazer* v. *Clifford*, 94 Ind. 482.

In the second answer tendered it was averred that appellant executed the mortgage under duress by her husband. The answer was insufficient, for the reason that it contained no averment that appellees were in any way connected with, or had any knowledge of, the duress. *Line* v. *Blizzard*, 70 Ind. 23; *Green* v. *Scranage*, 19 Iowa, 461; *Talley* v. *Robinson*, 22 Gratt. 888.

We are not convinced that the court below abused its discretion in refusing to allow the third answer tendered to be filed.

The suit was commenced in March, 1883. A decree of foreclosure was rendered upon default. The decree and default were subsequently set aside, and at the March term, 1884, of the court, appellant filed an answer in one paragraph. To that answer, after a portion of it had been stricken out,.appellees filed a reply in denial. Some days subsequently appellant tendered the first and second answers above mentioned. On the 2d day of January, 1885, in the December term, 1884, of the court, appellant tendered a third answer, denying the execution of two of the notes secured by the

mortgage. The answer was accompanied by her affidavit. In that affidavit, sworn to on the 31st day of October, 1884, she stated that the two notes had been altered, and that she had no knowledge of such alteration until during, or subsequent to, the preceding June term of the court, when her attention was called to the notes by her attorney. At the March term, 1885, an affidavit by one of appellant's attorneys was presented in support of her motion for leave to file the answer. In that affidavit the attorney stated that he had been her attorney since January, 1884, and discovered the alteration in the notes (at what time he made the discovery was not stated); that he regarded the alteration as material, and intended to call appellant's attention to the fact, but forgot to do so during the March term, 1884, of the court, by reason of sickness which rendered him unable to attend court during a considerable portion of that term, and unfitted him to properly attend to business; that at the June term, 1884, he again forgot to call appellant's attention to the alteration, for the reason that a member of his family was sick, and required his personal attention about all the time, so that he was unable to attend to business; that soon after that term he called appellant's attention to the alteration, when she informed him that she desired the fact to be pleaded as a defence; that Mr. Branyan had been an assistant attorney in the case since the March term, 1884, but was not familiar with the case, and that his attention had not been called to the alteration of the notes until the December term, 1884.

It will be noticed that the affidavit of the attorney contained no excuse for not informing appellant and the assistant attorney of the alteration in the notes, between the March and June terms of the court in 1884, and that no excuse was given by either appellant or her attorneys for not presenting the answer during the October term, 1884.

At the request of appellant the trial court made a special finding of facts, with conclusions of law thereon.

VOL. 111.—32

It found that the debt secured by the mortgage was the debt of the appellant's husband, and that she mortgaged her separate real estate for the security of that debt, but did not find by what method she acquired the property, whether by purchase, descent, devise or gift.

Appellant excepted to the finding of facts, and now insists that, upon the evidence, the court should have found that she acquired the property by descent and gift. The exception can be of no avail to appellant for two reasons. In the first place, under the pleadings, there was no issue requiring a finding as to the ownership of the property. *Thomas* v. *Dale,* 86 Ind. 435.

In the second place, a simple exception to a finding of facts does not raise the question as to whether or not the finding is in accordance with, is sustained by, or is contrary to, the evidence. Those questions must be raised by a motion for a new trial. *Ex parte Walls,* 73 Ind. 95; *Western Union. Tel. Co.* v. *Brown,* 108 Ind. 538; *Dodge* v. *Pope,* 93 Ind. 480.

Upon the facts found, the court determined as a matter of law that the mortgage was a valid and subsisting lien upon the real estate. To that conclusion of law appellant excepted.

It is well settled that an exception to conclusions of law, for the purpose of the exception, admits that the facts have been fully and correctly found. *Wynn* v. *Troy,* 109 Ind. 250; *Bass* v. *Elliott,* 105 Ind. 517; *Helms* v. *Wagner,* 102 Ind. 385.

Upon the facts found, so far as they are within the issues, the conclusion of law by the court below, that the mortgage was a valid and subsisting lien upon the real estate, is correct.

As before stated, appellant confessed a motion to strike out a portion of her answer filed in March, 1884. That confession carried out of the case all averments as to the ownership of the property mortgaged. Therefore, the finding in

general terms that the real estate belonged to appellant must be disregarded. *Thomas* v. *Dale*, 86 Ind. 435; *Bixel* v. *Bixel*, 107 Ind. 534.

Judgment affirmed, with costs.

Filed Sept. 20, 1887.