Armacost, Administrator, *v.* Lindley, Administrator.

No. 13,259.

ARMACOST, ADMINISTRATOR, *v.* LINDLEY, ADMINISTRATOR.

CONVERSION.—*Action.*—*Demand.*—Where one appropriates the money or property of another, without the knowledge or consent of the latter, the appropriation is wrongful, and an action may be maintained for its recovery without averring or proving a demand.

DECEDENTS' ESTATES.—*Claims.*—*Demand.*—Claims against an estate, even though they be such as ordinarily require a demand before suit, may be filed and prosecuted without making a demand.

PLEADING.—*Complaint.*—*Theory.*—*Judgment.*—A complaint must proceed upon some single, definite theory, and a recovery will be upheld only when the evidence and the facts found support the case made by the complaint.

HUSBAND AND WIFE.—*Conversion of Wife's Property.*—*Decedents' Estates.*— *Pleading.*—*Theory of Complaint.*—*Judgment.*—Where a complaint against an administrator charges that the decedent, without the plaintiff's consent or knowledge, wrongfully appropriated to his own use the pro- ceeds of a sale of land belonging to the plaintiff, who was the decedent's wife, it will not support a judgment if the proof shows that possession was taken with the plaintiff's consent, but with no intention on her part to divest herself of title, although upon a complaint proceeding on a proper theory she may recover.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for ap- pellant.

*C. N. Pollard, J. W. Cooper* and *B. F. Harness,* for appellee.

MITCHELL, J.—This action was commenced by Mary Har- mon against the estate of Charles Harmon, deceased. The plaintiff died pending the action, and, on motion, Tence Lindley, administrator of her estate, was substituted as plaintiff.

The material averments in the complaint are, that on the 21st day of October, 1882, Mary Harmon and Charles Har- mon were husband and wife, the former being the owner in her own right of twenty acres of land in Howard county, the latter at the same time owning an undivided one-fourth

of an adjoining twenty-acre tract; on the date above mentioned, Mrs. Harmon's twenty acres and the undivided interest owned by her husband, estimated at five acres, were sold and conveyed to Daily S. Yager for $1,625, the whole being estimated at the rate of $65 an acre ; $500 of the purchase-money was paid down, and the plaintiff charged that her husband, without her knowledge and consent, took the promissory notes of the purchaser, payable to himself, for the entire amount of the unpaid purchase-price. It was alleged that the plaintiff did not know that the notes were made payable to Charles Harmon until after his death ; that Armacost, as administrator, had taken possession of the notes, collected part of the money and paid it over to the clerk of the Howard Circuit Court, who held it subject to the order of the court. Prayer that the administrator and clerk be ordered to pay over to the plaintiff four-fifths of the proceeds of the notes collected and to be collected.

In respect to the propriety of the ruling of the court in overruling the demurrer to the complaint, it is only necessary to say, that, since the demurrer admitted that four-fifths of the consideration of the notes was the purchase-price of the separate property of Mrs. Harmon, and that her husband took notes, which included the purchase-money belonging to his wife, payable to himself, without her knowledge or consent, this made the complaint sufficient without a demand. Where one person appropriates the money or property of another, without the knowledge or consent of the owner, the appropriation is wrongful, and an action may be maintained for its recovery without averring or proving a demand. *Terrell* v. *Butterfield*, 92 Ind. 1, and cases cited ; *Louisville, etc., R. W. Co.* v. *Balch*, 105 Ind. 93, and cases cited.

While the action was commenced by filing an ordinary complaint against the administrator and clerk, the parties, as was their right, seem to have treated the case as a claim against an estate. *Stapp* v. *Messeke*, 94 Ind. 423. Claims against an estate, even though they be such as ordinarily require a

demand before suit brought, may be filed and prosecuted to judgment without making a demand. *Walker* v. *Heller*, 104 Ind. 327, and cases cited.

Upon request the court made a special finding of the facts. After finding the relation of the parties, and the ownership and sale of the lands as alleged in the complaint, the court found " that the notes for the deferred payments of both said tracts of land were made payable to said Charles Harmon, the husband of said Mary Harmon, with the knowledge of said Mary Harmon, who was present when said notes were drawn up, and, at the suggestion of Charles Harmon, consented that the notes be drawn payable to him."

The court found further " that there was no agreement between said Charles and Mary Harmon that the said notes and the proceeds thereof should belong to or be the separate property of said Charles Harmon, or for his use and benefit in any manner."

Having found the other facts substantially as alleged in the complaint, the court stated conclusions of law, and gave judgment, or made an order according to the prayer of the complaint.

The appellants now insist that the conclusions of law, and the order of the court made in pursuance thereof, can not be upheld, because the facts specially found, if they make a case upon which a recovery could be sustained under any circumstances, make one entirely outside of the material issues presented by the complaint.

There seems to be no way of escape from this proposition. It has often been decided that every pleading must proceed upon some single, definite theory, and that a party must stand or fall upon the theory of his case as he presents it in his pleadings. A recovery will be upheld only when the evidence and the facts found support the case made by the complaint. *Bremmerman* v. *Jennings*, 101 Ind. 253 ; *Brown* v. *Will*, 103 Ind. 71 ; *Thomas* v. *Dale*, 86 Ind. 435 ; *Hasselman* v. *Carroll*, 102 Ind. 153 ; *Louisville, etc., R. W. Co.* v. *Godman*, 104

Ind. 490; *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195; *Cleveland, etc., R. W. Co.* v. *Wynant*, 100 Ind. 160; *Town of Cicero* v. *Clifford*, 53 Ind. 191; *Boardman* v. *Griffin*, 52 Ind. 101.

A party who bases his right of recovery upon the breach of an express special contract can not recover upon proof of a breach of an implied contract, or the failure to perform a legal duty by the defendant, nor can there be a recovery where the action is upon an implied contract, if the evidence discloses the breach of a special contract. *Bartlett* v. *Pittsburgh, etc., R. W. Co.*, 94 Ind. 281, and cases cited.

So, where the complaint counts upon a conversion of property by the defendant, there can be no recovery if the facts show that the property sued for was taken with the plaintiff's consent, even though there may have been an implied promise to pay for it.

The complaint in the present case, in effect, charges that the plaintiff's husband wrongfully took and appropriated to his own use the proceeds of the sale of the land without her knowledge and consent. The special findings show that the notes were taken payable to the husband with the plaintiff's consent. While the plaintiff may have been entitled to recover upon some theory, she was not so entitled upon the theory of her complaint. *Bixel* v. *Bixel*, 107 Ind. 534; *Leary* v. *Moran*, 106 Ind. 560.

A husband who takes possession of and appropriates the separate property of his wife, may be held liable when the appropriation is wrongful, without her knowledge or consent, or when he takes it with her consent under an agreement to hold it for her use, or when the circumstances are such as raise an implied obligation or equitable duty on his part to account to her for it. *Bristor* v. *Bristor*, 93 Ind. 281; *Wilkins* v. *Miller*, 9 Ind. 100; *Dayton* v. *Fisher*, 34 Ind. 356; *Garner* v. *Graves*, 54 Ind. 188.

Where, as in the present case, it appears that a husband, at his own suggestion or request, obtained the title to and pos-

session of his wife's separate property, which the statute provides shall remain her own, even though possession be obtained with her consent, unless the facts and circumstances show an agreement or intention on the part of the wife that her husband should receive it as a gift, the law will presume that he took as her agent or trustee. *Hileman* v. *Hileman,* 85 Ind. 1 ; *Wales* v. *Newbould,* 9 Mich. 45 ; *Mellinger* v. *Bausman,* 45 Pa. St. 522; *McNally* v. *Weld,* 30 Minn. 209.

What presumption would be indulged in case a wife voluntarily, without any suggestion or request from her husband, personally delivered money to him, or invested him with the title to her property, we do not now decide. The authorities are not fully in accord on the subject. *Jacobs* v. *Hesler,* 113 Mass. 157 ; *Clark* v. *Rosenkrans,* 31 N. J. Eq. 665 ; *Kahn* v. *Wood,* 82 Ill. 219.

Transactions between husband and wife are presumably influenced by the peculiar relation which exists between them, and where a husband obtains possession of the separate money or property of his wife, it must appear from all the circumstances that the wife intended to make a gift of it to him.

The complaint in the present case proceeded distinctly upon the theory that the estate of Charles Harmon was liable because the decedent had taken possession of part of the proceeds of the sale of his wife's property without her knowledge or consent, and that she remained in ignorance that her property had been so taken until after her husband's death. The plaintiff might have recovered, in case the proof justified a recovery, upon an ordinary common count for money, promissory notes, etc., had and received by the decedent in his lifetime to the plaintiff's use. She saw fit, however, to declare specially, making the wrongful appropriation of her property without her knowledge or consent the *gravamen* of the complaint. Having declared specially, a recovery could only be had by proving the sub-

stance of the issue as tendered. It was the duty of the administrator to prepare to meet the case made by the complaint. He was not bound to anticipate that the plaintiff might recover on issues not tendered. Within the established rule, the facts specially found did not justify a judgment in favor of the plaintiff on the case made by the complaint. The justice of the case requires that there should be a new trial.

The judgment is reversed, with costs, with instructions to the court below to sustain the defendant's motion for a new trial.

