WILLS ET AL. *v.* MOONEY-MUELLER DRUG COMPANY.

[No. 7,511. Filed February 14, 1912. Rehearing denied April 16, 1912.]

1. ACCOUNT.—*Action.*—*Monthly Statement of Account.*—A monthly statement of account, showing charges, credits and the balance due, is sufficient to constitute an account within the meaning of §368 Burns 1908, §362 R. S. 1881. p. 196.

2. ACCOUNT.—*Action.*—*Complaint.*—*Indefinite Exhibit.*—Where the statement of an account, filed as an exhibit to a complaint, is not clear, defendant's remedy is by motion to require the same to be made more specific. p. 196.

3. FRAUD.—*Presumptions.*—Under §7483 Burns 1908, §4924 R. S. 1881, fraud will not be presumed nor inferred, but is a question of fact that must be proved as other questions of fact, and, when, averred, must be proved and found. p. 199.

4. TRIAL.—*Conclusions of Law.*—*Exception.*—*Admission of Facts.*—*Limitation of Rule.*—The rule that, for the purposes of the exception, an exception to a conclusion of law admits that the facts have been fully and correctly found, is limited to the facts found within the issues formed by the pleadings. p. 199.

5. TRIAL.—*Trial by Court.*—*Findings Not in Conformity to Issues.*—In so far as the same affected the transferee, a special finding of fact that a debtor, for the purpose of defrauding creditors, sold and transferred a stock of goods for the sum of $800, that the transferee at the time knew that the sale was made for the purpose of defrauding creditors and that he then and thereby aided such debtor in defrauding his creditors, was not within the issues tendered by a complaint that proceeded on the theory that there was no actual sale, but that it was simply a sham or pretended sale wherein the debtor retained title and ownership of the goods, so that conclusions of law based thereon were erroneous. p. 199.

6. FRAUD.—*Fraudulent Sales.*—*Consideration.*—*Relief to Creditors.*—*Findings.*—Where relief is granted to creditors affected by a fraudulent sale, even in a case where the consideration repre-

sents full value, the finding must be within the issues tendered by the complaint. p. 200.

From Marion Circuit Court (17,205); *Charles Remster,* Judge.

Action by the Mooney-Mueller Drug Company against John B. Wills and others. From a judgment for plaintiff, the defendants John B. Wills and Leslie A. Wills appeal. *Affirmed* as to John B. Wills and *reversed* as to Leslie A. Wills.

*A. R. Feemster* and *Morgan & Morgan,* for appellants.

*Thomas D. McGee, Edward D. Reardon* and *James H. Drew,* for appellee.

ADAMS, J.—Appellee, a corporation, brought this action against John B. Wills, Leslie A. Wills and Flora E. Wills. Leslie A. Wills is the son of John B. Wills, and Flora E. Wills, who does not join in this appeal, is the divorced wife of John B. Wills.

The action was on an account for goods and merchandise sold to John B. Wills and Flora E. Wills, doing business under the name and style of "F. E. Wills", and to set aside as fraudulent a pretended sale of a stock of drugs and fixtures, fraudulently transferred by John B. Wills to Leslie A. Wills, in fraud of the creditors of said John B. Wills, including appellee.

The complaint is in two paragraphs. In the first it is averred that defendants John B. and Flora E. Wills are indebted to appellee in the sum of $111.55 as a balance due and unpaid on account of goods sold and delivered to said defendants, under the name and style of F. E. Wills, of which an itemized statement is filed with the complaint.

It is also averred that John B. Wills was the owner of a retail drug store at Cambridge City, Indiana, at and prior to the time of contracting the indebtedness to appellee; that in order to avoid the payment of his just debts, said John B. Wills operated said store in the name of F. E. Wills, who was the wife of John B. Wills, until August, 1908. The

fraud charged in the first paragraph is that John B. Wills, with the knowledge and consent of F. E. Wills, for the purpose and with intent to cheat, hinder and delay his creditors, including appellee, and for the fraudulent purpose of preventing the collection of appellee's claim, for a nominal consideration, but for no actual consideration whatever, made a pretended sale and transfer of said retail drug store, with stock and fixtures, to appellant, Leslie A. Wills, who had full knowledge and notice of the fraudulent purpose and intent of said John B. Wills, so to hinder, delay and defraud his creditors, especially appellee.

The insolvency of John B. and F. E. Wills is averred, and the demand is for judgment against said parties for the balance due on account, as shown by the bill of particulars, together with interest, and that the pretended sale to Leslie A. Wills be adjudged fraudulent and void as to appellee, and that the goods remaining in the possession of said Leslie be adjudged to be the property of John B. Wills, and subject to the payment of appellee's judgment; that the proceeds of the sale of said goods so sold by said Leslie be adjudged to have been received by him in trust for appellee as a creditor of John B. Wills, and that he be required to account for all such sales, and ordered to pay the money received therefrom, or so much thereof as may be necessary, on appellee's claim and judgment.

The second paragraph is similar to the first, except the fraud charged is that John B. Wills, with the knowledge and consent of F. E. Wills, for the purpose and with intent to cheat, hinder, delay and defraud his creditors, including appellee, and for the fraudulent purpose of preventing the collection of appellee's claim, without any adequate consideration therefor, made a pretended sale and transfer of said drug stock and fixtures to Leslie A. Wills, who at and before such pretended sale had knowledge and notice of the fraudulent purpose of said John B. Wills to hinder, delay and defraud his creditors, especially appellee; that at the time

of the pretended sale, John B. Wills had, by the terms thereof, reserved and retained to himself a secret trust and ownership in said stock and fixtures, notwithstanding the pretended sale and transfer, and is still the owner of said drug stock and fixtures; that after said pretended sale, John B. Wills, with the knowledge and consent of said Leslie A. Wills, moved said stock and fixtures to the city of Indianapolis, and therewith established and operated, and still operates, a retail drug store; that he is in possession of the same, and selling at retail therefrom, for his own use and benefit, with the knowledge and consent of said Leslie, and has received the profits and the proceeds thereof. The insolvency of John B. and Flora E. Wills is averred, and the prayer is for judgment in the amount of appellant's claim, with interest, and that said pretended sale and transfer of the drug stock and fixtures from John B. Wills to Leslie A. Wills be adjudged fraudulent and void as to the plaintiff, and that the same be subjected to the payment of plaintiff's claim.

To each paragraph of complaint appellants separately demurred for want of sufficient facts to constitute a cause of action. The demurrers were overruled, and exceptions taken. Separate answers in general denial were filed by appellants to each paragraph of complaint.

The only point made against the sufficiency of either paragraph of the complaint is that the exhibit filed therewith is insufficient to constitute an account within the meaning of §368 Burns 1908, §362 R. S. 1881. The exhibit filed

1.   is a monthly statement of account, showing charges, credits and the balance due. This, we think, was sufficient fully to advise appellants of the nature and amount of the claim, and was sufficient to withstand demurrer. If the exhibit was not clear, it was the privilege of appel-

2.   lants to ask the court to require the same to be made more specific, which was not done.

On request, the court made a special finding of facts and

stated conclusions of law thereon. It was found by the court that John B. Wills was the owner of the drug store in question, and that for more than three years prior to July 21, 1908, he carried on the business in and under the name of F. E. Wills; that under said name John B. Wills had purchased of appellee goods of the value of $393.32, and had paid thereon the sum of $280.77; that on April 1, 1908, there remained due and unpaid a balance of $111.55, and which still remains due and unpaid, together with interest thereon; that F. E. Wills never at any time owned or had any title in or to said drug store, but knew that her husband was carrying on the business in her name; that on July 21, 1908, John B. Wills was indebted to divers persons in a sum in excess of $2,509, more than $1,000 of which was evidenced by judgments of record, and that more than $1,000 of the remainder was incurred in the purchase of goods in the conduct of said drug business; that on said day the stock of goods, together with the fixtures and furniture in said drug store, was of the value of $1,100, and that John B. Wills owned no other property of any kind, except $775, then on his person and on deposit in bank.

By the sixth finding, the court found that on July 21, 1908, John B. Wills, for the purpose and with the intention of cheating, hindering, delaying and defrauding his creditors, including plaintiff, sold and transferred said stock of drugs and fixtures to defendant Leslie A. Wills, at and for the sum of $800; that at the time of said sale and transfer, defendant Leslie A. Wills knew that John B. Wills was making said sale to him for the purpose and with the intention of cheating, hindering, delaying and defrauding his creditors, and preventing the collection of the indebtedness then existing, and that said Leslie then and thereby aided and assisted said John B. Wills in defrauding, hindering and delaying his creditors in the collection of their claims against said John B. Wills.

The court further found that immediately after the sale

and transfer of the drug stock, John B. Wills used and expended the sum of $775, and the cash received on account of such sale, without paying any of his existing indebtedness, except to satisfy an existing claim of $309 to Leslie A. Wills, and since said time has owned no property of any nature, except his wages of $12 per week, which has been used, as received by him, for living expenses; that immediately after the sale and transfer of said drug store, the same was removed by Leslie A. Wills to Indianapolis, Indiana, who there established a retail drug store, and placed in charge thereof John B. Wills, as manager; that in the operation of said retail drug store, Leslie A. Wills has sold therefrom goods to the value of $150, which he has applied to his own use and benefit.

The first conclusion of law stated by the court is in favor of defendant Flora E. Wills. The second conclusion states that the plaintiff is entitled to recover from John B. Wills the sum of $121.94. The court by its third conclusion of law stated that the sale and transfer of the drug stock and fixtures by John B. Wills to Leslie A. Wills, and by Leslie removed to the city of Indianapolis, was and is fraudulent and void as to the creditors of John B. Wills, including plaintiff, and should be set aside and held void as against the plaintiff, and the property made subject to plaintiff's claim. The fourth conclusion is that Leslie A. Wills is trustee for the creditors of John B. Wills, including plaintiff, in the sum of $150, the amount received by him as proceeds of sales made from the drug stock so sold and transferred to him by John B. Wills, and that plaintiff is entitled to recover from said Leslie the sum of $121.94 and costs, not exceeding $150, with relief.

Appellants separately excepted to each conclusion of law, and judgment was rendered against John B. Wills in the sum of $121.94. It was further adjudged that the sale and transfer of the property described in the complaint and finding, and its removal to Indianapolis, is set aside, vacated

and annulled as against the plaintiff, and that said property, or so much thereof as may be necessary to pay and satisfy the judgment herein and costs, be sold, and the proceeds arising from such sale be applied to the payment of the judgment, interest and costs. It is further adjudged by the court that Leslie A. Wills is a trustee for the plaintiff in the sum of $150, and that the plaintiff recover of said Leslie the sum of $121.94, interest and costs, not exceeding in all the sum of $150, with relief.

Appellants filed separate motions for a new trial, which motions were overruled, and each appellant has separately assigned error on the overruling of the motion for a new trial, and on his separate exception to each conclusion of law.

By statute (§7483 Burns 1908, §4924 R. S. 1881), fraud is made a question of fact, and it has frequently been held that fraud is never presumed nor inferred as a matter

3.   of law, but must be established by proof, as other questions of fact, and, when averred, must be proved and found. *Lockwood* v. *Harding* (1881), 79 Ind. 129, 134; *Morris* v. *Stern* (1881), 80 Ind. 227, 231.

It is also a well-settled rule that an exception to a conclusion of law admits that the facts have not only been fully found, but have been correctly found, for the pur-

4.   poses of the exception. But this rule is not of general application, and must be limited to the facts found within the issues formed by the pleadings. *Gardner* v. *Case* (1887), 111 Ind. 494, 498, 13 N. E. 36; *Thomas* v. *Dale* (1882), 86 Ind. 435, 438.

While the third conclusion of law follows the sixth finding of facts, counsel for appellants insist that the sixth finding is not within the issues. The second paragraph of com-

5.   plaint, on which appellee relies to support the finding, is clearly on the theory that there was no actual sale, but simply a sham or pretended sale, wherein John B. Wills retained title and ownership in the store and stock of goods;

that he removed the stock to Indianapolis, with which he established a drug store, of which he is the owner and in possession, selling goods therefrom at retail for his own use and benefit; that this sham sale was for the purpose of cheating, delaying and defrauding the creditors of John B. Wills, of which purpose and intention appellant Leslie A. Wills had knowledge. These were the facts pleaded, on which appellee relies to establish fraud and support the finding. But the fraud averred was the fraud predicated on the facts pleaded. It is true, the second paragraph of complaint does say that the pretended sale was for no adequate consideration, but this adds nothing to it. The court, however, in the sixth finding of facts, found a state of facts altogether different from the facts alleged in the second paragraph of complaint. The court found that there was an actual sale by John B. Wills to Leslie A. Wills, at and for the sum of $800; that Leslie A. Wills moved the stock to Indianapolis, and established a new drug store, which he owns and operates, and from which he receives the profits. The court also found that at the time of the sale to Leslie, he knew that John B. Wills was making said sale and transfer for the purpose and with the intention of defrauding his creditors, and that Leslie aided in the perpetration of such fraud.

We are not unmindful of the rule that grants relief to creditors from a fraudulent sale, even in a case where the consideration represents full value. *Gable* v. *Columbus Cigar Co.* (1895), 140 Ind. 563, 566, 38 N. E. 474; *Hoffman* v. *Henderson* (1896), 145 Ind. 613, 619, 44 N. E. 629. But in such case, the finding must be within the issues tendered by the complaint.

In *Armacost* v. *Lindley* (1888), 116 Ind. 295, 297, 19 N. E. 138, the court said: "It has often been decided that every pleading must proceed upon some single, definite theory, and that a party must stand or fall upon the theory of his case as he presents it in his pleadings. A recovery will be upheld only when the evidence and the facts found sup-

port the case made by the complaint." This has long been the rule in Indiana.

It was said in *Boardman* v. *Griffith* (1875), 52 Ind. 101, 106: "When the trial of a cause is by the court instead of a jury, whether the court is required to find the facts specially or not, it cannot, any more than a jury can, go outside of the case made by the pleadings. In such cases, as well as in others, the parties must recover upon the allegations of the pleadings. They must recover *secumdum allegata et probata* or not at all. It must be so in the nature of things, so long as our mode of administering justice prevails. It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his grounds of defense, if, on the trial, either or both might abandon such grounds and recover upon others which are substantially different from those alleged." See, also, *Town of Cicero* v. *Clifford* (1876), 53 Ind. 191, 192; *Brown* v. *Will* (1885), 103 Ind. 71, 74, 2 N. E. 283; *Stevens* v. *Reynolds* (1896), 143 Ind. 467, 484, 41 N. E. 931, 52 Am. St. 422; *Hasselman* v. *Carroll* (1885), 102 Ind. 153, 155, 26 N. E. 202; *Louisville, etc., R. Co.* v. *Godman* (1885), 104 Ind. 490, 494, 4 N. E. 163.

As far back as the case of *Davis* v. *Cox* (1855), 6 Ind. 481, 484, Judge Stuart, made this admirable and succinct statement of the law: "It is not what the complainant alleges, simply without proving it, nor what he proves, without having alleged it, that is the measure of his remedy; but what he alleges and proves."

Again in *McAroy* v. *Wright* (1865), 25 Ind. 22, Judge Fraser, speaking for the court, said: "No rule of law can possibly be better settled, and none is more necessary in the administration of justice, than that the plaintiff must recover upon his allegations, or not at all. If this were not so, it would be a mockery to require him to state a sufficient case in his complaint. Having thus stated his case, his proof ought to be confined to it, and if he has proved a different case, however meritorious, he should be defeated."

Following the law as declared by the cases herein quoted and cited, we must hold that the findings of the trial court, as the same affect Leslie A. Wills, are not within the 5. issues tendered by the complaint, and should be disregarded in stating the conclusions of law. It therefore follows that the court erred in stating the third and fourth conclusions of law, and in rendering judgment against Leslie A. Wills. This leads to an affirmance of the judgment against John B. Wills, and a reversal as to Leslie A. Wills, with instructions to the court below to strike out the third and fourth conclusions of law, and render judgment in favor of Leslie A. Wills, and against John B. Wills, on the second conclusion of law.

NOTE.—Reported in 97 N. E. 449. See, also, under (1) 1 Cyc. 370; (2) 31 Cyc. 644; (3) 20 Cyc. 108; (4) 38 Cyc. 1992 (5) 38 Cyc. 1968; (6) 20 Cyc. 814. As to due proof to establish fraud, see 11 Am. St. 757.