*Jolliffe v. Collins.*

⎯⎯⎯ ⌐•◦•⌐ ⎯⎯⎯

JOLLIFFE & HOLLAND, Appellants, *vs.* COLLINS & OTHERS, Respondents.

1. Where a bill of sale of a patent right is a simple transfer of title, containing no warranty, the purchaser cannot set up a parol warranty.
2. In order to make a representation a ground for an action of deceit or fraud, it must have been known to be false, and have been made with intent to deceive.
3. As to what is a useful invention.
4. A note given for a patent that is void, by reason of its being *useless*, is without consideration.

Jolliffe *v.* Collins.

5. In an action for a balance due upon a note given for a patent right, to which the defendant pleads merely want of consideration and deceit, he cannot have judgment for money paid upon the note.

6. A certificate to a deposition that it was reduced to writing in the presence of the witness, and subscribed in the presence of the officer, is sufficient, although it omits to state that it was reduced to writing in the presence of the officer.

*Appeal from Andrew Circuit Court.*

Action for a balance due upon a bond for the direct payment of money. The defendants answered that the bond was given for the right to make, use and vend in certain counties in Indiana a patent right improvement in a revolving hay rake, and set up in substance three pleas: 1st. Want of consideration, because the patent right was useless and void. 2d. Fraudulent and deceitful representations in regard to the utility of the improvement, and 3d. Representations which amounted to a warranty. They asked judgment against plaintiffs for the amount paid upon the bond.

At the trial before a jury, the defendants read in evidence the depositions of various witnesses taken before a justice of the peace in Indiana. The certificate of the justice stated that the examinations were reduced to writing in the presence of the several witnesses, and subscribed by them in his presence; but did not expressly state that they were reduced to writing in his presence. The judge, in his certificate to the official character of the justice, stated that he was a justice of the peace within and for the county, "duly elected, commissioned and qualified." An exception was taken to the overruling of a motion to suppress these depositions. The witnesses testified in substance, that the plaintiffs, about the time of the sale of the patent right improvement, publicly represented that it was very valuable and a great saving of labor, and that in fact it proved to be of no utility, and was not used by the farmers. The plaintiffs then read in evidence the bill of sale from them to the defendant. It was a simple transfer of all their right, title and interest in the patent in and for certain enumerated coun-

ties, and contained no warranty or affirmation as to the utility or value of the improvement.

The court instructed the jury as follows :

" If the patent right improvement was worthless and of no value, they will find for defendants the amount paid upon the same as set up in their answer."

" If the jury believe from the evidence, that the consideration of the bond sued upon was a certain improvement invented in the revolving hay rake, and that plantiffs represented the same to defendants to be a useful and valuable invention, which representations were relied upon by defendants, and were untrue and the said invention worthless, they will find for defendants ; but if such representations were not made, and if made, not relied upon by defendants, they will find for plaintiffs."

Several instructions asked by defendants were refused, one of which was to the effect that the defendants were not responsible for representations made unless they knew them to be false.

The jury returned a verdict for the defendants for the amount paid on the bond.

*Hall* and *Gardenhire*, for appellants. 1. The depositions should have been suppressed. The statute requires that they should be reduced to writing in presence of the officer. (R. C. 1845, tit. Depositions, § 14.) The certificate must show that the requisites of the law have been complied with. (1 Peters, 351, 356.) 2. There was error in the giving and refusal of instructions. (2 Croke, 4. 2 Esp. 572. 31 Eng. C. L. Rep. 116. 8 Blackf. 518. 19 Wend. 159. 1 Dana, 611. 2 Kent's Comm. 479. 15 Mo. Rep. 410. 8 Mo. Rep. 394. 1 J. R. 129, 453, 274. 4 J. R. 421. 5 J. R. 354. 20 J. R. 196. 9 Watts, 55. 1 Denio, 385. 7 Cran. 92. 2 Bibb, 616. 11 Mees. & Wels. 401. 14 Mees. & Wels. 651, 663. 21 E. C. L. Rep. 218. 4. Blackf. 57. 6 Barbour, 557. 7 Serg. & R. 681.)

*Vories*, for respondents. 1. The certificates to the depositions show that they were reduced to writing in the presence of

the witness, sworn to by him and subscribed in the presence of the officer, which sufficiently shows that they were reduced to writing in the presence of the officer. 2. The instructions given were correct. He who sells an article for a particular purpose, making statements at the time of the sale as to the utility and usefulness of the article sold to induce another to purchase, such other relying upon the representations, is bound to make the representations good. (2 Cow. 129. 5 J. Ch. Rep. 174. 3 Cranch, 280. 9 Vesey, 21. 3 Story, 732, 659. 1 Story, 172. 9 Mo. Rep. 840. Story's Eq. § 193, and notes, § 197. 4 Barn. & Cress. 108. 6 Taunt. 108. 1 Stark. N. P. R. 504. 2 Pick. 214. 2 Kent, 611.) 3. If the patent right was not for a useful, but frivolous invention, then the patent was void and the consideration failed. (14 Pick. 217. 1 Mason's Rep. 182.)

Scott, Judge, delivered the opinion of the court.

1. The plaintiffs, on the trial of the cause, read in evidence, without objection, the written contract for the sale of the patent right, which was the consideration of the bond on which this suit was brought. This conveyance or bill of sale of the patent right is entirely silent in relation to any warranty or representation as to the utility of the invention patented. There is nothing in it that can be construed to be a warranty of any quality of the invention. This being so, all question as to a warranty are beside the case, for it is a well established principle, that if a bill of sale contains no warranty, but a simple transfer of title, the vendee cannot set up a parol warranty, for it must be presumed that the article contains the entire contract. (*Reed* v. *Wood*, 9 Ver. 285. Parsons on Contracts, 471.) The case of *Van Ostrand* v. *Reed*, (1 Wend. 432,) is one very similar to that under consideration. It arose out of the sale of a patent right. There, there was a bill of sale or written conveyance, but it contained no warranty. It was alleged that representations were made that the machine was a

good and useful machine and improvement. In opposition to the attempt to introduce parol evidence to establish these representations, the court says : " Suppose one man sells to another a horse ; he represents him sound, gentle and useful ; but a bill of sale is given in writing which contains a bare transfer of the animal, without any warranty or engagements as to the soundness or good qualities of the horse : could the purchaser in that case go back and prove the representations and assertions made before the execution of the bill of sale ? Where a contract has been consummated by writing, the presumption is that the writing contains the whole contract."

By an instruction given in the court below, the cause was made to turn on the question of warranty. As we have seen that there was no warranty in the transaction between the parties, the judgment, then, is erroneous, and must be reversed.

2. As the cause will be remanded, it may be as well to say something in relation to the question of fraud. From the evidence preserved in the bill of exceptions, such a defence could scarcely be sustained. In order to make a representation a ground for an action of deceit or fraud, it must be shown that the representation was known to be false, and that it was made with an intent to deceive, though the known falsity of a representation would be strong evidence of a purpose to practice a fraud. Where there is no warranty, there can be no recovery for false representations made in the course of a sale, unless they were known to be such by the vendor ; in all such cases, the ground of deceit is disposed of, when the existence of the defect is found by the jury to have been unknown to the vendor. This doctrine is applicable only to the action or the defence of a deceit in the sale of a chattel. ( *Chandelor* v. *Lopus*, 1 Smith's Leading Cases, 188.) How far or under what circumstances a representation may be construed into a warranty, we have seen is an inquiry that is precluded in this action.

3. As to the question whether there was a total failure of the consideration of the instrument on which this suit was brought,

Jolliffe *v.* Collins.

the patent being useless, we may remark that Judge Story, in the case of *Lowell* v. *Lewis*, (1 Mason, 186,) held that the term "useful" was satisfied if the alleged invention was capable of use, and was not injurious to the well-being, good policy, or sound morals of society. But when the evidence in this case is considered, it will be difficult to say that the invention was useless. The number of individuals who had used the improvement, and testified, from their own knowledge, to its great utility, forbids the idea that a jury could find that it was worthless. It is much more reasonable to suppose that there was some error in the construction, or some want of skill in the use of those hay rakes the defendant's witnesses saw, than that they, who, from the actual use of the invention, testified to its utility, should be mistaken. The witnesses, moreover, who speak against the patent, use general language, and none of them descend to particulars, showing the inutility of the invention. There is naturally a prejudice against every thing that is new, and men may easily be found who will give an opinion against the utility of an invention, about which they know nothing. That a patent is not saleable in a certain district of country, is but slight evidence of its utility. We all know that, from various causes, there are a great many useful inventions that are not saleable in particular regions of country.

4. The law seems to be, that a note given for a patent that is void, by reason of its being useless, is without consideration. (*Dickenson* v. *Hall*, 14 Pick. 220. *Van Ostrand* v. *Reed*, 1 Wend. 225.)

5. As the money paid on the note was not pleaded by way of set-off, we see no ground on which the defendants were entitled to recover it in this action against the plaintiffs.

6. We are of opinion that the depositions were certified in such manner as entitled them to be read.

The other judges concurring, the judgment will be reversed, and the cause remanded, to be proceeded in, in conformity to this opinion.