CHARLES F. MULLER *et al.*, Respondents, v. HUGH C. GILLICK *et al.*, Appellants.

St. Louis Court of Appeals, May 12, 1896.

1. **Expert Witness:** QUALIFICATION TO EXPRESS OPINION. A witness is not qualified to express an opinion as to a matter of expert opinion, when he admits that his estimate would be a mere guess.

2. **Building Contract:** QUANTUM MERUIT: MEASURE OF DAMAGES. *Held*, in the course of discussion, that a party who contracts to do work on a building, but fails to complete his contract after partially performing it, is entitled to the reasonable value of the work done, not exceeding the contract price, less whatever damage the other contracting party has suffered through the noncompletion of the contract.

3. ———: ——— RECOUPMENT: PLEADING. When an action of *quantum meruit* is brought for work so done, the defendant must plead an imperfection in the work performed in order to entitle himself to a deduction from the contract price on account thereof.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*T. S. Burnett* for appellants.

*B. Schnurmacher* for respondents.

BIGGS, J.—The defendants had the contract for the construction of a building in Belleville, Illinois. The plaintiffs agreed with them to furnish and put in place the necessary iron work for the building at the

agreed price of $7,500. Their agreement was reduced to writing, and, among other things, it provided that the plaintiffs would furnish all of the iron work called for "according to plans and specifications of library building, Belleville, Illinois, as furnished by L. Kledus, architect, in accordance with the drawings, plans and elevations and specifications, furnished by the superintending architect and adopted for said buildings, *which are hereunto annexed and made a part of this contract.* And said superintending architect shall be the *agent* of the parties of the first part (defendants) in the erection of the building and improvements herein named. * * * And should it appear that any of the work hereby intended to be done, or matters relative thereto, are not fully detailed or explained in the said specifications and drawings, the said parties of the second part (plaintiffs) shall apply to the superintendent for such further detailed explanations, and perform his orders as part of this contract. The superintendent shall be at liberty to make any *deviation* from or *alteration* in the plan, form, construction, detail, and execution, described by the drawings and specifications without invalidating or rendering void this contract, and, in case of any difference in the *expense*, an *addition* to, or *abatement* from, the contract price shall be made. * * * And in case of any omission or addition to said building being required by said superintendent, the cost and expense thereof is to be agreed upon in writing, and such agreement is to be signed by said parties of the second part and superintendent before the same is done or before any allowance therefor can be claimed; and in case of any failure so to agree, the same shall be completed upon the original plan. * * * The said parties of the first part agree and bind themselves, for and in consideration of the erection of said iron work as aforesaid, to pay unto the parties of the

second part the sum of $7,500.   Payments are to be made as the work progresses as follows:   Upon monthly estimates furnished by the architect, and the balance of the money when the whole iron work is completed," etc.   (The italics are ours.)

In this action the plaintiffs sue for the reasonable value of materials furnished and work done under the foregoing contract, and also for the reasonable value of certain extra work.   A statement of the materials furnished was filed with the petition, and it was claimed that they were of the reasonable value of $7,500, and of the two items of extra work, which it was averred the superintending architect had ordered, one was alleged to be worth $94.75 and the other $34.50, making a total of $7,629.25.   Credits to the amount of $6,750 were admitted, leaving a balance of $879.25, for which a judgment was asked.   The answer is a general denial.   No instructions were asked or given.   The jury returned a verdict for the full amount claimed, and the defendants have appealed.

The plaintiffs gave evidence which tended to prove that they furnished the materials called for in the contract according to the plans and specifications furnished to them by the superintending architect, but they seem to have conceded at the trial that the iron stairway of the building was improperly constructed in one particular, and hence the action was for the reasonable value of the materials and work, which the plaintiffs' evidence tended to show was of the value stated.   The chief matter of defense was that, after the contract was entered into, the architect so modified the original specifications to which the contract referred as to materially lessen the quantity of iron, thereby establishing a new contract price by which the plaintiffs' recovery had to be limited, that is, the recovery could not exceed this however much in excess of it the evidence might

show the reasonable value of the work to be.  *Ahren v. Boyce*, 19 Mo. App. 552; s. c., 26 Mo. App. 558.  The evidence introduced by the plaintiffs on this branch of the case was to the effect that, before entering into the contract, they inspected certain plans for the building and some imperfect specifications which were then in the office of the architect; that at the time the contract was signed no such papers were attached to it, nor did the parties have them before them; that a few days afterward, and before the work was commenced, the architect handed to plaintiff Muller a set of specifications without any details, and that Muller under the directions of the architect prepared the necessary details which were submitted and approved by the architect, and thereupon the plaintiffs proceeded with and completed the work in accordance therewith.  The evidence for defendants tended to prove that, at the time the contract was signed, there were in existence complete plans and specifications which had been adopted for the construction of the building, and that these were the plans and specifications which were referred to in the contract with the plaintiffs, and that subsequently the architect changed the specifications in certain particulars.  The defendant Gillick was interrogated as to the difference in the weight of the iron required by the original specifications and that required by the specifications as modified and changed by the architect.  The circuit court refused to allow the witness to testify for the reason that, in the opinion of the court, he did not have any accurate knowledge of the subject.  The court also excluded the original plans and specifications, which the defendants offered in evidence.  The defendants complain of both rulings.

There can be no question that the superintending architect had the power to deviate from the original

specifications without in any manner invalidating the contract between plaintiffs and defendants. The contract so provides in express terms. That some modifications or changes were made in the specifications seems to have been clearly established. Now, if these changes added to or abated from the original contract price, then a new contract price, so to speak, was established, and it became necessary to inquire as to this, for, as we have stated above, it was a limitation on the plaintiffs' recovery. Therefore, the inquiry made of Gillick was proper, and, had he shown himself qualified to testify, the action of the court in excluding his estimates would have been erroneous. But he admitted that his estimate of the difference in the weight of the iron was a "mere guess," which rendered it of no evidential value.

The defendants having introduced evidence tending to identify the plans and specifications produced by them as the original plans, etc., and to which reference was made in the contract, they were admissible in evideence for the purpose of determining the nature and extent of the changes made by the architect; and their exclusion is complained of as error. The record, however, shows that, although the court had previously ruled out these plans and specifications, it did subsequently admit evidence tending to show changes made in them by the subsequent plans and specifications and the nature of the changes. Hence it is not apparent how the defendants were prejudiced by the formal exclusion of these papers, when they got the benefit of that evidence for all practical purposes.

The assignment that the circuit court erred in admitting in evidence the amended or interlined specifications, and the details for the work, which were prepared by Muller, is likewise without merit. As heretofore stated, the contract expressly provides that

the architect "may make any deviation from, or altera-
tion in, the plan    *    *    *    described by the drawings
and specifications," etc., and the architect is made the
agent of the defendants in the execution of the work;
hence, it was proper to show that the architect, in
ordering the work, had deviated from the original
plans, even though the defendants were not advised of
it at the time.

Complaint is also made of the allowance by the
jury for the extra work mentioned in the account.
That the work was performed under the orders of the
architect there is abundant evidence to prove. The
defendants admitted the correctness of the item for
$34.50, but they denied liability for the other item of
$94.75.    Concerning additional work, the contract
provides that its cost shall first be agreed on in writing
and signed by the plaintiffs and the architect, or else no
claim can be made for it.    The defendants permitted
the plaintiffs to prove without objection that the work
was done under the verbal orders of the architect, and
that its value was as stated, and that subsequently the
defendants agreed to pay for it. As above seen, the
answer was a general denial.    It did not claim that the
plaintiffs were not entitled to the reasonable value of
these extras, because such value was not agreed to in
writing before the work was done.    The evidence that
the defendants knew that this work was done, that
part of it was done by their express orders, and that
they had agreed to pay for all, had a tendency to show
that the contract was orally modified to that extent.
As the defendants asked no instruction bearing on this
hypothesis, and failed to complain in their motion for
new trial of excess in the verdict, they are not in a
position to contend that the plaintiffs have shown no
right of recovery for these items.

The plaintiffs having failed to perform the contract, their true measure of damages was the reasonable value of the work done, not exceeding the contract price, less whatever damage the defendants may have suffered by reason of the nonperformance. It was conceded by the plaintiffs that it would cost at least $20 to remedy the defect in the construction of the stairway. It is, therefore, insisted by the defendants that to that extent the recovery is unsupported by the evidence. This objection is unavailing. No complaint is made in the answer of the improper execution of the work, and no recoupment of the damages was sought on account of it.

Finding no reversible error in the record, we will affirm the judgment. All the judges concur.