## PIETRO BADARACCO et al., Appellants v. JOSEPH OR GUISEPPE BADARACCO, Appellee.

### SYLLABUS BY THE COURT.

1. APPELLATE PROCEDURE—FORCE OF FINDINGS BY TRIAL COURT WITHOUT JURY.—The findings of a court which tries a case without a jury and without delegating its powers to a master or referee, is entitled to as much, if not more consideration, than the findings of a master or referee, and the judgment or decree will not be disturbed unless the evidence is manifestly insufficient to sustain it.

2. PRACTICE—AFFIRMATIVE RELIEF FOR DEFENDANT, WHEN.—No allowance should be made on account of a piece of land conveyed in settlement of another suit, unless such relief is asked for in the answer, or in a cross bill. When the answer prays for no affirmative relief, the defendant can have none. It would have been error for the court to have gone outside of the issues as made by the pleadings, and have granted relief not asked for.

*Appeal* from a decree for plaintiffs, from the Second Judicial District Court, Bernalillo county. Affirmed.

Statement of the case by the court.

The pleadings in this case disclose that the claims of the parties are as follows, to wit:

The plaintiff below, who is the appellee in this court, filed his complaint against the defendants, to compel Pietro Badaracco to convey to him certain lands described in the complaint, alleging that he had advanced money to said Pietro Badaracco to enable him to purchase the property in controversy, but that said Pietro Badaracco had no real interest in the property, and only held the same as trustee

for the plaintiff, and that both before and after the time of his advancing the money to Pietro Badaracco to purchase said property, that he had agreed to convey said property to him. It is further alleged that the defendant Badaracco had conveyed or was about to convey to his co-defendants, Frank P. McClure and Angelo Viviana, a portion of said real estate, and that deeds conveying the same had been deposited in escrow in the Bank of Commerce, at Albuquerque. To this complaint, defendant, Pietro Badaracco, answered admitting that plaintiff had furnished him with $1,886.00 with which he had bought the lots, but denied that he had bought them for plaintiff, or that he had promised either before or after the time the money had been advanced to him that he would convey the land to plaintiff. By way of new matter he alleged that plaintiff being indebted to divers people, and his wife having begun divorce proceedings against him, at plaintiff's request he had bought in a judgment of foreclosure obtained by the Cooperative Building Association against the plaintiff which covered the property in controversy, in order that plaintiff might defraud his wife if she secured her divorce, and further alleged that at the time plaintiff's wife secured her divorce, that he, defendant, in part settlement for her claim for community property, conveyed to her a piece of land which he owned in Durannes, and he further alleged that plaintiff owed him some $1,200, and that at the time he deeded to plaintiff's wife the land in Durannes it was agreed between them that the land in question should belong to defendant.

To the new matter contained in this answer plaintiff replied, denying that his object in having the title to the property taken in the name of Pietro Badaracco, was to defraud his wife; alleged that he had an abundance of property to pay his debts and to give his wife her portion of the community property; that in having the title to the land taken in the name of his brother he had acted on the advice of counsel; admitted the defendant had conveyed to his· wife in settlement of the divorce proceedings a piece of land, but denied that it was agreed that the property in controversy should belong to defendant, but alleged that

he agreed to convey to defendant lot No. 12, block 2, Huning's Highland Addition to Albuquerque, in lieu of the property defendant had conveyed to his wife. Plaintiff further denied that he owed defendant any money, and alleged that defendant was indebted to him in the sum of about $200, and that defendant, while the record title to the property stood in his name, or the person to whom he had transferred it, was made a party to the divorce proceedings between himself and wife, was served with process, but failed to appear and answer, and that judgment was entered in the divorce suit and the property in question was decreed to belong to plaintiff. The bill of complaint, sheriff's return, decree, etc., in the divorce suit are filed as exhibits and introduced in evidence in this case.

The other defendants' filed answers, which it will not be necessary for us to consider, as no errors are assigned on this appeal concerning them.

The issues being finally closed, the cause was tried by the court, and the judge entered a decree in accordance with the prayer of the plaintiff's bill. From this judgment defendants appeal.

CHILDERS & DOBSON for appellant.

JOHNSTON & FINICAL for appellee.

1. In equitable proceedings a finding of fact by the judge or chancellor has the force of a verdict and will be disturbed only when clearly erroneous.

If there is any evidence at all supporting the findings of fact of the court below then those findings must stand. This has long been the doctrine of the Supreme Court of the United States and of this court as far as the findings of a master are concerned. Kimberly v. Arms, 129 U. S. 525; Davis v. Schwartz, 155 U. S. 636; Givens v. Veeder, N. M. 50 Pac. 316.

And as is said in Metropolitan Nat. Bank v. Rogers, 53 Fed. 779:

"Certainly equal, if not greater, weight should be given to such findings where a court, not delegating its power to a master, has itself weighed the testimony and ascertained the facts, as is here the case."

As to the question of fraud in the original agreement of the Badaraccos when the land was placed in the name of Pete Badaracco, appellee, furnishing the money to pay for the same, we have on the one hand Joe testifying that everything was done in good faith, and Pete saying that he and Joe did it to cheat Joe's wife. It is a familiar rule of law that where a witness wilfully testifies falsely, his whole testimony may be disregarded. Pietro Badaracco showed himself to be utterly unworthy of belief. In the first place he came on the stand pleading his own fraud in order to keep possession of his brother's property. The ordinary judge and jurors puts little weight on the testimony of such a creature. But beyond this, Pete Badaracco clearly showed himself a perjurer on the witness stand in the matter of the collection of the rents. Besides the testimony of Joe Badaracco, three disinterested witnesses give the most minute details as to how the rents were collected by Joe and not by Pete. These same witnesses, tell of the admissions of Pete that the property was his brother's.

2. The court did not err in making no allowance in favor of the defendant on account of the piece of land in Duranes conveyed by him to the wife of appellee.

This Duranes tract of land was conveyed to the wife of appellee on the day the divorce was granted. Both parties testify that in consideration of this conveyance appellant was to have another tract of land. Appellee testifies that it was to be lot 12, block 2 of the Highland addition, and to be conveyed whenever appellant should ask for it. Appellant says he was to have the choice of two pieces in one place, and in another place says he was to have any piece of land that appellee owned. This contract as to the Duranes piece of land and whatever piece of ground appellant was to receive for it, was collateral to, and a part of, the consideration for the understanding had when the divorce was granted that appellee was to have the saloon property now in controversy, beyond this it has no connection with this action. The appellant did not seek in this suit to enforce that contract. No evidence was adduced that he had ever complied with the condition of asking for the transfer to him of the tract he was to receive. Hence the court did not err in not considering a contract which

was not in litigation, and which was not asked to be enforced in the pleadings filed on behalf of appellant.

MILLS, C. J.—The most important errors assigned are those which allege that the title to the property in controversy was vested in the appellant, Pietro Badaracco, by the appellee, with the intent to commit a fraud on his wife in the division of the community property when she obtained her divorce. This is in fact the main ground on which the appeal is based, and nearly the entire brief of the counsel for the appellants is taken up in its discussion.

From an examination of the record it appears that this charge of fraudulent conveyance of the property in controversy is first set up in the answer of the appellant, and that the charge is vigorously denied by the appellee in the pleadings subsequently filed by him. The complaint alleges that both before and after the time the appellee advanced the money to Pietro Badaracco to purchase the property, the defendant had agreed to reconvey it to him. This is denied by the answer.

The only evidence introduced to sustain the defense that the property was conveyed to Pietro Badaracco in pursuance of a fraudulent design to cheat the wife of Joseph Badaracco in the division of the community property, is that given by the appellee himself.

Plaintiff below swore to an entirely different state of facts. He testified that he had the title taken in the name of his brother, acting on the advice of counsel, who are reputable members of the bar of this Territory, and that while the title to the property stood in the name of his brother, Pietro, he had bought it in at his request with money furnished by him, and had agreed to convey it to him when demanded. He further testified that Pietro, after the property was in his name, collected the rents from tenants who occupied portions of the building and turned such rents over to him, and on this point he is corroborated by four witnesses, who so far as the record shows, are entirely disinterested; and one witness, Joaquin Martin, in answer to the question as to whether he had ever talked to Pietro Badaracco as to who owned the property in controversy, said, "Yes, sir; he said it was the property of his brother, Joe Badaracco," and on cross-examination he further

swore that Pietro Badaracco would collect the rents, but that Joe Badaracco would get the money.

An examination of the exhibits filed in this case, which relate to the suit for divorce brought by the wife of Joseph Badaracco against him, show that both the appellant and appellee were made defendants, and that both were duly served with process. In the complaint filed in that proceeding, a full description is given of the property which the plaintiff claimed belonged to her husband, Joseph Badaracco, and among it is included the property in controversy herein, as well as lot 12, block 2, Huning's Highland Addition to the City of Albuquerque, and it sets up that the title to the property in question stood in either the name of the appellant or of one Jacob Loeb, but that it really belonged to Joseph Badaracco. To this suit for divorce Pietro Badaracco entered no appearance, filed no answer and on September 2, 1898, a decree was signed, the contents of which as appears from the record was known to the appellant, Pietro Badaracco, and by such decree the divorce sought for was granted, and the property described in the complaint was divided between Joseph Badaracco and his wife, and the property in controversy herein was decreed to be the sole and separate property of Joseph Badaracco, although at that time the paper title to it stood in either the name of Pietro Badaracco or of Jacob Loeb.

We can hardly believe that a person like the appellant, who was familiar with litigation, would have allowed such a decree to be signed, without objection, if he really owned the property which is the subject of this litigation, for although this decree did not divest his title, it is a strong circumstance pointing to who was its real owner. In his sworn answer filed in this suit appellant says that the reason why he filed no answer in the divorce proceedings "was that plaintiff in this suit and his wife in the divorce proceedings agreed upon a partition and settlement of their property rights," and on this point the appellee testified as follows, to wit:

"Q. I will ask you whether or not you and your wife had any agreement as to a division of the property before the decree was entered?

"A. Yes, sir.

"Q.  Was this agreement made with your wife with the knowledge that you were the owner of the property?

"A.  Yes, sir.

"Q.  And with the knowledge of your brother Pietro?

"A.  Yes, sir.

"Q.  And the value of this whole property was taken into consideration in the settlement between you and your wife?

"A.  Yes, sir."

This testimony is not contradicted by the appellant, and in his answer as above quoted he goes far towards acknowledging it to be the truth.

We are well aware of the general rule, which counsel for appellant insists on with great vigor, that a court of equity will not interfere to give relief to either party, from the consequences of a fraudulent agreement (Randall vs. Howard, 2 Black 585) ; but we also are aware of the rule, that one party to such a transaction, may recede from the transaction, repossess himself of his property, and devote it to its proper purposes.  It is well settled that a fraudulent transaction may be purged of the fraud by the subsequent action of the parties.

"It cannot be that the other party, who has been a participant in the fraudulent transaction, by reason of such participation should be able to hold the property, the possession of which he had so acquired, and thus prevent it from being devoted to its legitimate uses" (Carll vs. Emery, 148 Mass. 32) ; and we think that the record shows that even if there had been a fraudulent conveyance of the property that such fraud had been purged by the subsequent action of the appellee.

In the case at bar it is not however necessary for us to go into a discussion of this matter, for no such fraudulent agreement has been proved.  There is ample evidence on this point to sustain the decree of the court.  If this had been a trial with a jury, no court would have thought of setting aside the verdict, because there was no evidence to sustain it, and in this case the court took the place of the jury, heard the evidence and passed upon its weight, and while the evidence offered in the case is conflicting, as the Badaraccos swear almost diametrically opposite to each other, still we have frequently held that the findings of a master are equiva-

APPELLATE procedure: force of findings by trial court without jury.

lent to the special verdict of a jury, and cannot be disturbed
unless the evidence is manifestly insufficient to sustain it.
Pueblo of Nambe. v. Romero, 61 Pac. 122; De Baca v. Pueblo
of Santo Domingo, 60 Pac. 73, and cases therein cited.   And
we have also held that the findings of a court which tries a
case without a jury and without delegating its power to a
master or referee, is entitled to as much, if not more consid-
eration than the findings of a Master or Referee.   De Baca v.
Pueblo of Santo Domingo, 60 Pac. 73; Metropolitan Natl.
Bank v. Rogers, 53 Fed. 779.   A careful review of the testi-
mony is convincing to us that the decree entered by the
court is amply warranted by the evidence.

There is nothing in the assignment of error that there
is no evidence in the case to support the findings of law and fact
made by the court that the appellee furnished the money with
which the appellant Pietro Badaracco paid off the mortgage
upon said property and acquired title thereto, for in the fourth
paragraph of his sworn answer appellant says he "admits that
under circumstances and conditions and for reasons hereinafter
alleged, said plaintiff furnished the money to this defendant
with which to purchase said property, and which was used to
purchase and pay for said property," and in paragraph 6 of said
answer he admits, "that the plaintiff (Joseph Badaracco) fur-
nished defendant (Pietro Badaracco) the money with which to
pay said Building Association the amount of said decree, and
defendant procured an assignment thereof."   Both the appell-
ant and appellee in their testimony agree that Joseph Badaracco
gave his brother the money with which to buy in the property
when the same was foreclosed and sold, and that the money
so advanced was used for that purpose.   It is true that Pietro
claimed that Joseph owed him money at this time, which Joseph
denied, but it is unquestioned that the particular money used
to buy in the property was advanced by the appellee.

It is also alleged as error that the court erred in not mak-
ing an allowance to Pietro Badaracco on account of the piece of
land in Durrannes, which was conveyed by him to the wife
of the appellee at the time of the granting of the divorce.
It is one of the undisputed facts of this case that the appel-
lant did so convey this piece of land to the wife of the appel-

lee on the day the divorce was granted, and it is also agreed that in consideration of such conveyance appellant was to have another piece of land conveyed to him when he should ask for it.    Appellee testified that it was to be Lot 12, Block 2 of Huning's Highland Addition to the city of Albuquerque, while in one part of his testimony, appellant says he was to have the choice of two pieces and in another place he testified that for such transfer he was to have any piece of land the appellee owned.

In this suit appellant did not seek to enforce any such contract.    He stood on the bald proposition that the had bought and paid for the property in controversy, and asks for no such relief as having another and different piece of property deeded to him in lieu of the land in Durannes, which he had conveyed.    No evidence was offered that appellant had ever complied with the condition of asking for the transfer to him of any tract of land.    The contract for the conveyance of any piece of land to appellant in lieu of that at Durannes, was collateral to this suit; the pleadings do not ask for any such conveyance; that contract was not in litigation and was not asked to be enforced by the pleadings filed on behalf of appellant; no cross bill was filed praying to have such conveyance made, and we fail to see how the court could have gone outside of the pleadings and have decreed that the appellee transfer a piece of property to appellant which was not asked for.

It is the rule that when the answer prays for no affirmative relief, the defendant can have none. Low vs. Blackburn 2 Nev. 70; McKey vs. Walch, 22 Tex. 390; Jolliffe vs. Collins, 21 Mo. 338; and when the defendant's answer sets up what is merely a defense, and if he succeeds he is entitled to have the complaint dismissed with costs, the court has no power to render any other judgment; and a judgment giving him affirmative relief on the evidence is wrong.    Wright vs. Delafield, 25 N. Y. 266.

APPELLATE practice; affirmative relief for defendant, when.

If the appellant had desired such conveyance to him, he could have filed a cross-bill, and doubtless would have obtained

the relief desired; but not having done so and not having asked for such relief in his answer, it would have been error for the court to have gone outside of the issues as made by the pleadings and have decreed the conveyance to the appellant of a piece of land he did not ask for.    McDougald v. Argonaut Land Co. 117 Cal. 87; Cicero v. Clifford, 53 Ind. 191; Broadman v. Griffin, 52 Ind. 101; Walker v. Walker, 93 Iowa, 643; Am. Emigrant Co. v. Fuller, 83 Iowa, 599; Muller v. Gillick, 66 Mo. App. 500; Young v. Glascock, 79 Mo. 574; Joliffe v. Collins, 20 Mo. 338; Neely v. Lensing, 150 Pa. St. 520; Casgrain v. Milwaukee County, 81 Wis. 113; Ency. P. & P. page 878, note 4.    To have such conveyance made, the appellant must now be relegated to a new suit.

The other assignments of error we will consider together as they allege that the court committed error in not making separate findings of facts and law, which counsel for appellant contends are required by statute to be made.

From an examination of the decree we think that the court did make findings of facts, and based the decree on such findings.

There is no error in the judgment complained of, and the same is therefore affirmed.

Parker and McFie, JJ., concur; Crumpacker, J., having heard the cause below, and McMillan, J., not having heard the argument on appeal, did not participate in this decision.

---

[875.    February 28, 1901.]