Monguee, P.
delivered the opinion of the court. After stating the case he proceeded as follows:
The ground of inadequacy of consideration relied on in this case, in resistance of the claim for the specific performance of the contract in the proceedings mentioned, is wholly unsustainable. In the first place, there is no proof of such inadequacy in the case. There is no proof that the land was not sold for its full value, in •Confederate money. There is no proof as to what it was worth in Confederate money. There was some proof as to what it was worth in gold, or its equivalent, at the time of the sale. But it was not sold for gold or its equivalent; and could not have been at that time. The only currency of the country then was Confederate States treasury notes; and all sales of land then made for cash in that part of the country were made for that currency. Confederate money, though greatly depreciated at that time, had a value in the purchase of land and many other commodities, which greatly exceeded its value as compared with gold.
But if it could be considered, that the price for which the land was sold was inadequate; in other words, if there had actually been as great a disparity between the real value of the land, and the value of the consideration for which it was sold, as the court below supposed that there was; it has been held by this court, that mere inadequacy of consideration is not, of itself, a sufficient .■ground for refusing a specific execution of a contract. In order to have that effect, there must be something •else in the case, which, in connection with the ground of *895 inadequacy, would make it inequitable or unconscionable to enforce the specific performance of the contract. Hale v. Wilkinson, 21 Gratt. 75.
Then, is there any other ground of defence in this case, which, either in itself, or in connection with the supposed inadequacy of consideration, is a good defence to the suit i
f The only other ground relied on which can possibly have that effect, is the alleged ground of duress. Can that ground have that effect ? ■
Undoubtedly, a great outrage was perpetrated by certain persons upon Eobinson (whatever his offence may have been), by whipping him and driving him from the county; and the perpetrators of it were liable to a prosecution and condign punishment therefor. And if any person concerned in or connected with, thaffoutrage, had thereafter, and by means thereof, made the contract with Eobinson for the purchase of his land, the contract might have been considered as made by him under duress ; and certainly a court of equity would not have afforded its aid to such person to compel the specifie execution of the contract.
But it is not pretended by Eobinson that Talley was in any manner concerned in, or connected with, that outrage. And Talley proves that he was not; that he was opposed to the whole proceeding; and that Eobinson very well knew the fact. Possibly, Eobinson might not have sold his land if he had not been driven from the county and forbidden to return to it. But how can that affect the question if the sale was fairly made to one having no connection with the outrage committed against him ? The contract was deliberately and fairly made ; the offer seems to have been first made by Eobinson to Talley, after an ineffectual effort to sell the land to another ; and Talley made the purchase at the price at which the land was offered to him by Eobinson. There appears to have been a total absence of any attempt or *896 wish on the part of Talley to take advantage of Robinson’s situation, or to get the land at an undervalue. How then can it be said that the contract was made by Robinson under duress ? He, Talley, had heard and believed that Robinson had been severely whipped and - driven from the county, and forbidden to return to it. But that fact did not incapacitate Robinson to sell the land, or Talley to buy it. To be sure it was good cause for exciting the cautious scrutiny of the court, to ascertain if there was any unfairness in the transaction. But having ascertained, upon the closest scrutiny, that the conduct of the purchaser was perfectly fair, as it seems-clearly to have been, there was nothing in the situation of Robinson, or the circumstances under which the contract was made by him, to afford him any good ground of defence, either taken by itself or 'in connection with the supposed inadequacy of price, to a suit for the specific performance of the contract.
There is certainly no ground for the defence of duress in the case, as the authority cited in the brief of the counsel for the appellant clearly shows. The duress (as the counsel correctly say) must have for its object the procurement of the contract. “The threatening, beating or imprisonment must he to this end; and hereupon the deed must be made; for otherwise the deed shall, not be said to be by duress.” “ If I be imprisoned at. one man’s suit (be the cause just or not), and being in-prison, I make an obligation or any other deed to a third man, this shall not be said to be by duress, but it is a good deed.” 1 Sheppard’s Touchstone, p. 61.
There was another ground of defence taken by Robinson, to wit: that the contract and receipt for the pur- ■ chase money were not duly stamped according to the laws of the United States when the suit was brought,, and, therefore, could not have been used as evidence in the suit. There are two sufficient answers to this ground of defence: 1st. That the said instruments were duly *897 stamped in the progress of the cause, and before they were used as evidence therein; and 2ndly. That the omission of a stamp required by a law of the United States, while it may be an offence punishable by the courts of the United States, does not affect the question of the admissibility of evidence in a State .court. 21 Gratt. 78.
We think, therefore, that this is a proper case for the specific execution of the contract.
But it appears from the evidence in the cause that, in addition to the price agreed in the contract to be paid for the land, Talley agreed to pay to Mrs. Betsy Anderson $75 for Bobinson, and had not paid it when his deposition was taken ; though he said therein that he was ready to pay it when he got the deed. To be sure, nothing is said in the pleadings in the cause, or in the written contract, about this $75. But still it ought to be paid, if it has not already been paid, and such payment ought to be made as a condition of the relief to be given by the court by way of specific execution of the contract.
We are, therefore, of opinion that the decree appealed from ought to be reversed, and the cause remanded to the court below for further proceedings to be had therein, in order to a specific execution of the contract according to the principles declared in the foregoing opinion; and that an account should be taken, if necessary, to ascertain whether the said payment has been made to Mrs. Anderson, and if such payment has not already been made, it ought to be required to be made as a condition of the specific execution of the contract in behalf of the appellant.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the appellant is entitled to have a specific execution of the agreement filed with *898 the bill. But although he has paid the full amount of the consideration expressed in the deed, yet as it appears from his admission in his testimony, that he had agreed to pay to Mrs. Betsy Anderson seventy-five dollars for the appellee, John Robinson, in addition to the four thousand dollars, the amount of the consideration expressed in the deed, and had not paid the said sum of seventy-five dollars at the time he gave his testimony ; the court is of opinion that he ought to be required to make such payment, if he has not already made it, as a condition of the specific execution of the said agreement, and that an enquiry should be made by a commissioner of the court, if necessary, to ascertain whether such payment has been made or not. Therefore, it is decreed and ordered that the said decree be reversed and annulled ; and that the appellee, Samuel R. Seay, assignee in bankruptcy of the appellee, John Robinson, do pay, out of the assets of the said bankrupt, to the appellant his costs by him expended in the prosecution of his appeal aforesaid here. And it is ordered that the cause be remanded to the said Circuit court to be further proceeded in to a final decree, in pursuance of the foregoing opinion. Which is ordered to be certified to the said Circuit court of Cumberland county.
Decree reversed.