# CHARLESTON.

R. G. SEARFOSS *et al.* v. LEWIS BOWEN *et al.*
(No. 4913.)
Submitted April 29, 1924. Decided February 10, 1925.

SPECIFIC PERFORMANCE—*Purchaser of Land is not Entitled to Specific Performance Until He Complies With Contract.*

A purchaser of real estate will not be entitled to specific performance until compliance on his part with the contract.

(Specific Performance, 36 Cyc. p. 693.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Wetzel County.

Suit by R. G. Searfoss and another against Lewis Bowen and others. From decree for defendants, plaintiffs appeal.

.   *Modified and affirmed.*

*Larrick & Lemon* for appellants.
*Edwin O. Keifer,* for appellees.

LITZ, JUDGE:

The plaintiffs, R. G. Searfoss and A. C. Henthorn, complain of a decree in the Circuit Court of Wetzel County dis-

missing their bill for specific performance and, upon the answer of defendants Lewis Bowen and Ada Bowen, treated as a cross-bill, decreeing cancellation of the contract upon which plaintiffs predicate their right for relief.

The Paden City Land Company, being the owner of Lot 33 on Stephens Street, in the town of Paden City, Wetzel County, on June 5, 1920, entered into a written contract with defendant Lewis Bowen for the sale thereof, in consideration of $375.00 to be paid $25.00 in cash and the residue in monthly installments of $25.00 each. Thereafter the Land Company erected a dwelling house upon the lot, at a cost of $1,650.17, in which defendant Lewis Bowen and his family have lived since November, 1920. On February 5, 1921, the Bowens, as parties of the first part, entered into a written agreement with plaintiffs, parties of the second part, stating:

"WHEREAS, the above named Lewis Bowen did by contract dated the 5th day of June, 1920, purchase from the Paden City Land Company what is known and laid down on the recorded plat of Paden City, W. Va., as Lot No. 33 on Stephens Street in said town; and

"WHEREAS, the said Lewis Bowen has paid to the said Paden City Land Company the purchase money and consideration for said lot in full but has not yet received a deed for same:

"Now, THEREFORE this contract witnesseth: that for and in consideration of the sum of three hundred and eighty-four dollars, paid and to be paid as follows, viz: $209.00 cash in hand paid, the receipt whereof is hereby acknowledged, and the remaining $175.00 to be paid as hereinafter set out, the said parties of the first part hereby sell to the said parties of the second part the said Lot No. 33 on Stephens Street, Paden City, W. Va., together with the appurtenances thereto belonging, and the said parties of the first part in consideration of the premises further agree that they will use due diligence to secure promptly from said Paden City Land Company a deed for said lot in accordance with their said contract of June 5th, 1920, and when the said deed is secured to immediately convey said lot with its appurtenances to said second parties by a good and sufficient deed with covenants of general warranty;

and in the event the said parties of the first part do
not secure said deed from said Paden City Land
Company within a reasonable time, then the said
first parties agree upon the request of said second
parties to assign to them all of their interest and
rights in the premises. And the said second parties
agree to pay the said first parties the remainder of
said purchase money when they shall have received
a good and sufficient deed for said lot.

"And in further consideration of the premises the
said parties of the first part hereby covenant and
agree to surrender to the said parties of the second
part the possession of said property upon the pay-
ment of the remainder of the purchase money of
$175.00 at any time regardless of whether or not the
said first parties have received a deed for said prop-
erty."

Plaintiffs, relying upon the two contracts, seek to extract
the legal title to the land from the defendant Paden City
Land Company. The bill alleges that the defendants Bowen,
in consideration of $209.00 cash and $175.00 to be paid upon
delivery of a proper deed, agreed by the contract of Febru-
ary 5, 1921, to convey to the plaintiffs, with covenants of
general warranty of title, the said lot of land with all the
appurtenances thereunto belonging, as well as the rights and
privileges acquired by the defendant Lewis Bowen under the
contract of June 5, 1920; that on February 5, 1921, he paid
the Land Company $209.00, balance of the purchase price
for the lot, and demanded a conveyance thereof in accordance
with the contract of June 5, 1920.

The defendants in their answers aver that the house was
constructed by the defendant Paden City Land Company
under an oral agreement with the defendant Lewis Bowen,
whereby he agreed to reimburse the Company for the cost
of the house, with interest, in monthly installments of $25.00
each, with the understanding, however, that during the period
required to discharge the purchase price of the lot, the
monthly payments for the house and lot together were not
to exceed $25.00, and until there had been full payment for
the house and lot the Land Company was permitted to retain
the title to the property; that defendants Bowen agreed to

sell their interest in the property to plaintiffs in consideration of $175.00 which the former had already paid to the Land Company, and the assumption by plaintiffs of the obligation of Lewis Bowen to pay the Land Company the cost of the house and the balance of $209.00 due on the original purchase price of the lot; and that defendants Bowen were induced to sign the contract of February 5, 1921, upon the plaintiffs' representation that they had settled with the Land Company for both house and lot, when in truth they had merely tendered to it the sum of $209.00, as the balance of the purchase price for the lot.

The proof shows that the plaintiffs tendered to the Land Company $209.00 as the residue of the purchase money for the lot, and demanded a deed for the property; but that the Company refused to accept the payment and execute a conveyance, contending that the cost of the house, as well as the balance of purchase money for the lot, should be paid before the plaintiffs are entitled to a conveyance of the property. The alleged agreement between the Company and Lewis Bowen relating to the construction of, and payment for, the house has been fully proved by the testimony of himself and others; likewise the evidence sustains the contention of defendants in respect to the contract of February 5, 1921. Previous to this contract plaintiffs knew, according to their testimony, that the Land Company had erected the house and received nothing on the cost of its construction. They content themselves in the face of these facts with the statement that Bowen told them the house had been built without his permission or promise to pay for it.

In view of the situation the Circuit Court was well warranted in refusing specific performance of the contract alleged in the bill. A court of equity will not, as a general rule, specifically enforce a contract at the suit of a party who is himself in default with respect thereto. He must allege and prove compliance with the contract on his part. *Gumbo Brothers* v. *Moore,* 108 Va. 72, 60 S. E. 757; *Harman* v. *Moss,* 117 Va. 676, 86 S. E. 111. The purchaser is not entitled to a decree for specific performance until he has paid the purchase money in accordance with the contract.

*McComas* v. *Easley,* 21 Gratt. (Va.) 23; *Talley* v. *Robinson,* 22 Gratt. 888; *Bowles* v. *Hudson,* 6 Gratt. 78.

We are of opinion, however, that the court erred in cancelling the contract and dismissing the bill without giving the plaintiffs opportunity to comply with the contract as alleged by the defendants. To this extent the decree will be revised and the cause remanded with directions to decree specific performance in favor of the plaintiffs upon their payment into court, for the benefit of the defendants, the full contract price, according to the contention of defendants, or the unpaid portion thereof. The decree as modified is affirmed.

*Modified and affirmed.*